## The State v. Thornton.

Criminal law: TESTIMONY OF ACCOMPLICE: DEGREE OF CORROBORATION. The corroboration of the testimony of an accomplice to warrant a conviction, under section 4102 of the Revision, must not merely relate to the commission of the offense or the circumstances thereof, but must tend to connect the defendant with the commission of the criminal act. The facts which were, under this rule, held sufficient in the present case, stated by DILLON, Ch. J.

26  79
87  673
26  79
106  703

*Appeal from Washington District Court.*

TUESDAY, OCTOBER 27.

TESTIMONY OF ACCOMPLICE: CORROBORATING EVIDENCE. — Larceny; trial; verdict of guilty; judgment, and defendant appeals.

*Lewis & Bennett* for the appellant.

*Henry O'Connor,* Attorney-General, for the State.

DILLON, Ch. J. — It is shown, that in February, 1867, one George Smith, with intent to steal, procured from the Messrs. Sanford, livery stable keepers, at Washington, in this State, a span of horses, double buggy and harness. That Smith procured this property and with this intent, are facts clearly established, and concerning which there is no controversy.

The theory of the State is, that the defendant, Thornton, though not present when Smith obtained the property, nevertheless aided and abetted Smith to commit the offense; in a word, that he planned the larceny and that Smith executed it, and afterward divided with the defendant the proceeds of the property stolen.

If this theory be true, then, under our statute, the defendant is a principal equally with Smith. Rev. § 4668; *The State* v. *Brown,* 25 Iowa, 561.

To sustain its theory, the State produced Smith as a witness against the defendant. Without going into needless detail, it is sufficient to state, that Smith testified that the defendant planned the enterprise of stealing the property in question, gave directions how it should be accomplished, the name that Smith should assume, the route he should take in coming to the defendant's house in Grundy county; that these directions were followed,

that defendant's house was made the headquarters of Smith while disposing of the stolen property; that it was disposed of by being traded off or sold for much less than its value, by the direction of the defendant, to whom each sale or trade was reported; that the proceeds of the sales were divided between Smith and the defendant, and that afterward Smith and one of the defendant's brothers, with the defendant's advice and consent, went up to Ackley, in Hardin county. It was the understanding, according to Smith's evidence, that when the latter should get away, that the defendant should go to Washington and get any reward that might be offered for the property, and that he should put the owners on a false scent as to Smith, by stating that he had gone west toward Des Moines, instead of north to Ackley.

Not to state further particulars respecting Smith's evidence, it is sufficient to say that, if true, the defendant CRIMINAL LAW: was guilty of the offense charged against him. testimony of accomplice: Smith is an avowed accomplice; and the degree of corroboration. only point made by the defendant's counsel on this appeal is, that Smith was not sufficiently corroborated to justify the verdict of guilty, and hence the court erred in not sustaining the motion for a new trial.

The degree of corroboration required, is fixed by statute. "A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense, or the circumstances thereof." Rev. § 4102.

With no favorable predisposition to sustain convictions obtained chiefly upon the testimony of accomplices, coming as it does from a source confessedly impure, the court and each member of it have examined this record with great care to see whether the point pressed by the defend-

ant's attorneys, viz. : the non-corroboration of Smith, is well founded.

Admitting as we do, that the corroborating evidence to be sufficient must not merely relate to the commission of the offense or the circumstances thereof, but must be evidence of a character, that shall tend to connect the defendant with the commission of the alleged criminal act, it is the opinion of the court that evidence of this character was produced by the State.

Circumstances pointing toward the defendant as the guilty associate of Smith, and confirming the truth of Smith's statements, appear throughout the whole transaction as detailed by witnesses of unexceptionable character, and particularly in the testimony of Mr. Sanford and the deputy sheriff.

Some of these circumstances will be briefly adverted to, such as the acknowledged previous acquaintance, and intimacy between the defendant and Smith; that Smith, on obtaining the property went with it to the defendant's place in Grundy county, and made that his headquarters in disposing of it; his possession of Smith's photograph, which was to be, and was, exhibited by the defendant to the Messrs. Sanford, in order to carry out the purpose of getting the reward; his going to the Messrs. Sanford, after his brother and Smith had gone north to Ackley, and saying, that he had heard that they had lost a team, etc.; that he knew the thief; that he was a detective; that he had the thief's photograph, and that he knew where the property was, and had come to get the reward. He went with Sanford and the deputy sheriff, and pointed out where the property was to be had, and distinctly stated, a statement which he knew to be false, that the thief had gone west, toward Des Moines. Sanford and the deputy sheriff both told him, that if he did not find Smith they would hold him (the defendant), and take

him back, as being concerned in the theft. Upon being thus threatened the defendant's memory was refreshed, and he then stated, that Smith was at Ackley, and not in the direction of Des Moines, and on going to Ackley, Smith was found and arrested.

These circumstances, as well as the fact that young Sellers, an intimate friend of the defendant, reached Ackley before the sheriff did, to inform Smith and the other Thornton of the sheriff's coming; the declaration of the defendant to the witness, that he would make a good thing out of it, and other facts, such as the manner in which the property was disposed of with defendant's knowledge, strongly confirm the testimony of Smith, and satisfactorily tend to connect the defendant with the commission of the offense; at all events we cannot say, that a verdict founded upon such evidence ought to be set aside.

Affirmed.