## STATE OF IOWA V. BETSY SMITH, Appellant.

106   701
136   606

**Accomplices:** CONSPIRACY. Defendant was charged with and convicted of murder. The court charged that if defendant and others conspired to kill, and another gave poison with deadly effect in pursuance of the conspiracy, defendant was guilty of murder. *Held*, the instruction is proper though no conspiracy was averred in the indictment, because the offense involved in the trial and found by the conviction was murder and not conspiracy, and Code, 1873, section 4314 abolishes the distinction between principals and accessories. In this case, the testimony circumstantially established conspiracy.

**INSTRUCTIONS.** Scoville was a witness for the State and M. for the defendant, both being her alleged accomplices. The court charged that if S. aided, assisted or abetted defendant in giving the poison, defendant could not be convicted on the testimony of S. *only*, unless there was corroboration tending to connect defendant which showed more than the mere death by poison, that unless there was more corroboration than this there could be no conviction on the testimony of S. *alone*, that if the jury found S. was not an accomplice, that her testimony was true and that it connected defendant, there might be a conviction on her testimony. The jury was also told that, on corroboration, it might consider the death and its cause, in connection with all the facts and circumstances shown which connected defendant with the death and that if such facts and circumstances corroborated the testimony of S. which tends to connect defendant with the crime charged there might be a conviction upon the testimony of S. so corroborated *alone*, if her testimony warrants conviction. *Held*,

*a* In the absence of request, the charge sufficiently defines accomplice.

*b* It was not necessary to instruct on the effect of a conspiracy between S. and C. The only question was whether S. and defendant conspired. If defendant did not so conspire and S. and C. alone committed the crime, defendant was innocent and the relations sustained by S. and C. were wholly immaterial.

*c* It was not error to use the words "Alone" and "Only" because the statute on corroboration, Code, 1873, section 4559, sanctions them by implication.

**SAME.** Where a witness for accused testifies that she and another did the murder and that defendant was innocent, it is unnecessary to charge that she must be corroborated, especially in the absence of request.

**Evidence.** Where concert of action as to a murder appears or may be found, the treatment of deceased while living, by alleged conspirators is admissible on the trial of one of them for the murder.

**SAME.** Where an attempt was made to murder deceased a year before he was finally killed, and there is evidence connecting accused, his wife, therewith, it may be shown, in contradiction of her statement that she had no connection therewith, that, shortly before such attempt, she tried to rent rooms, stating that they would be occupied by herself and daughter alone.

**CROSS-EXAMINATION.** Where an inquiry as to a prior attempt to murder deceased had become material, and an alleged accomplice, who confessed to having finally killed deceased, testified for accused, it was discretionary with the court to permit a cross-examination as to the prior attempt, though witness had not testified in reference thereto on direct examination.

**Speedy Trial: DISCHARGE OF DEFENDANT.** Where delay in trial is due to continuances obtained by defendant and her claims of ill health she is not entitled to a discharge under section 4614 of the Code of 1873.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

THURSDAY, DECEMBER 15, 1898.

DEFENDANT is accused of the crime of the murder of her husband by the administration of poison. Two trials have been had, the first resulting in a verdict of guilty, upon which she was sentenced to imprisonment for life, and the second, in a like verdict and sentence. Appeal was taken to this court from the first conviction, and the case was reversed. See 102 Iowa, 656. This appeal is from the second conviction.— *Affirmed.*

*F. B. Huckstep* and *Dale & Bissell* for appellant.

*Milton Remley,* Attorney General; *W. H. Redman,* Assistant Attorney General, and *James A. Howe,* County Attorney, for the State.

DEEMER, C. J.—The facts are quite fully stated in the opinion filed on the first appeal, and need not be repeated

here, except in so far as it may be necessary to an understanding of the matters decided.

I.   The trial court instructed the jury, in effect, that if defendant gave, or was a party to the giving of, a deadly poison to Michael Smith, and if she did so knowingly and feloniously, then the jury might find her guilty.   It further charged that if some person or persons other than defendant gave the poison, and if defendant and such other person or persons conspired and agreed together to kill said Smith, and if, in carrying out such conspiracy, they acted in concert to accomplish their end, and if the poison was administered by one of them, then the giving of the poison was the act of all, and each was equally guilty with the other.   The indictment is in a single count, and in the usual form of such presentments.   No conspiracy or confederation is charged.

Appellant contends that the portion of the charge above referred to is erroneous, for the reason that defendant cannot be convicted of conspiracy unless charged with that offense.   If defendant had been convicted of that crime, there would be much force in appellant's position.   She was not convicted of that offense, however, but of murder; and the real question is whether there is a variance between the allegations and the proof.   It must be remembered in this connection that our Code (1873, section 4314) abolishes the distinction between accessory before the fact and principal, and provides that all persons concerned in the commission of a public offense, whether they directly commit the act, or aid and abet its commission, though not present, may be indicted, tried, convicted and punished as principals.   In construing this section, we have frequently held that all persons concerned in the commission of the offense, including aiders and abettors, are guilty as principals, and may be charged and held as such.   *State v. Brown*, 25 Iowa, 561; *State v. Thornton*, 26 Iowa, 79; *State v. Stanley*, 48 Iowa, 221; *State v. Comstock*, 46 Iowa, 265; *State v. Hessian*, 58 Iowa, 68; *State v. Pugsley*, 75 Iowa, 742; *State v. Munchrath*, 78 Iowa, 268; *State v. Baldwin*, 79 Iowa, 714; *State v. Smith*, 100 Iowa, 1. Now, a conspirator such as the one referred to by the court in

its instructions is one who aids and abets the commission of a crime, and he may be charged and convicted as a principal. *State v. McCahill*, 72 Iowa, 111; *State v. Shelledy*, 8 Iowa, 477; *State v. Munchrath* and *State v. Smith*, *supra*.

Again, it is contended that there was no evidence upon which to base these instructions. While it is true that there is no direct evidence of a conspiracy between some of the parties who are said to have had connection with the homicide, yet the facts and circumstances are such as to justify a jury in finding concert of action between defendant and one or both her daughters, and there was no error in giving the charge. That a conspiracy or concert of action may be proven by circumstances is a proposition so elementary that no citation of authorities is needed to support it.

Further, it is said that the instruction with reference to conspiracy is erroneous and misleading. This contention is without merit, and the criticism is captious and hypercritical.

Another point made is that a conspiracy must be proven, and defendant's connection therewith established, before the acts, conduct, or declarations of the other conspirators can be received in evidence. This may be true, but there is nothing in the instructions to the contrary.

II.    Cora McCamley is defendant's daughter, and Ellen Scoville is her sister. The latter was used as a witness by the state, and gave evidence showing defendant's connection with the offense charged. The former was a witness for the defendant, and testified that she and the Scoville woman administered the poison, and that defendant had nothing to do with it. There was also other evidence tending to show that Mrs. Scoville was directly connected with the commission of the offense. The court instructed that, if Ellen Scoville aided, assisted, or abetted defendant in giving the poison, then she would be an accomplice, and left it to the jury to determine whether or not she did so act. It further instructed that, if the jury found she was an accomplice, the defendant could not be convicted on her testimony *"only,"* unless she was corroborated by such other evidence as would

tend to connect the defendant with the commission of the offense. The charge continues as follows: "And the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. And in this case you are instructed that mere proof of the death of the deceased, Michael Smith, from poison, is not such corroboration as would justify a conviction upon the testimony of the said Ellen Scoville *alone*, if you find she was an accomplice in causing the death of said Michael Smith. But if you fail to find that Ellen Scoville was an accomplice as heretofore defined, then if you believe her testimony to be true, and you find it connects the defendant with the commission of the crime, then it would be sufficient to connect the defendant with the commission of the crime without further testimony." Instruction No. 12: "But, upon this question of corroboration of an accomplice, you are further instructed that you have a right to consider the death of the deceased, the cause of said death, in connection with all the facts and circumstances, if any, shown or disclosed by the evidence, which tend to connect the defendant with causing said death of deceased; and if you find that the facts and circumstances, if any, shown or disclosed by the evidence, corroborate the testimony of the witness Ellen Scoville tending to connect the defendant with the commission of the crime charged, then you are entitled to convict said defendant upon the evidence of said Ellen Scoville so corroborated *alone*, if you believe the said witness, and if you further find that her evidence warrants such conviction." At defendant's request, the jury, in answer to special interrogatories, found that Ellen Scoville was an accomplice to the death of Michael Smith.

Several complaints are lodged against these instructions. It is argued that the one defining an accomplice is erroneous, because it did not authorize the jury to find Mrs. Scoville an accomplice of Cora McCamley, and did not instruct on this theory. In answer to this contention it may be said: (1) That the instruction is correct as far as it goes, and, if defendant desired that further light be given

on the subject of Mrs. Scoville's being an accomplice, it was her duty to ask it. (2) We have already called attention to the instruction relating to defendant's connection with the offense as a conspirator, and there said that the jury was told, in effect, that defendant was guilty as principal if she conspired or confederated with others to commit the crime, although she did not administer the poison with her own hand. With this in mind, the jury could not have been misled by the instructions complained of. The mere fact that Mrs. Scoville may have been an accomplice with Cora McCamley was of no importance. The question was as to her connection with the defendant in the commission of the offense. If Cora McCamley and Ellen Scoville alone committed the crime, defendant was not guilty, and under such circumstances the fact that Mrs. Scoville was an acomplice was wholly irrelevant to any issue in the case.

Further objection is made to these instructions because of the use of the words "only" and "alone," which we have italicized to indicate the point more clearly. The language of the statute is that "a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof." Code 1873, section 4559. We do not think the use of the words referred to vitiated the instructions. They are implied in the statute itself.

Some other objections are made to certain sentences used in these instructions. If these statements stood alone, there would be some ground for the complaints; but, when read in connection with the other parts thereof, they are not erroneous. Taken as a whole, these instructions fully and clearly state the law on the subject. We need not do more than refer to the rule that instructions should be considered together in arriving at their intent and meaning. Sentences and paragraphs can be culled out of nearly every set of instructions which, considered alone, would be erroneous, but when taken

in connection with all the instructions, or all that is said on any given subject, they are found to be correct. Most of the criticisms passed upon the charge are fully answered by these suggestions.

III.    Error is assigned on the court's failure to instruct that defendant could not be convicted on the evidence of Cora McCamley alone, if the jury found she was an accomplice. Miss McCamley was a witness for the defendant, and testified, as we have heretofore observed, that she and the Scoville woman administered the poison, and that defendant had nothing to do therewith. It is hard to believe that it was the duty of the court to instruct that she must be corroborated. But, aside from this, the defendant asked no such instruction, and is not therefore in position to complain of the omission.

IV.    Appellant complains of the court's failure to instruct that corroboration of both Cora McCamley and Ellen Scoville was required in the event the jury found they were accomplices in the commission of the crime. Much that is said in the last preceding division of this opinion is applicable to this contention. Defendant offered Cora McCamley as a witness worthy of credit. This witness made no claim that she was an accomplice. If found to be such, it must have been from other evidence than her own. As defendant vouched for the truthfulness of Cora McCamley, no instruction as to corroboration of her evidence was necessary. See *Johnson v. State*, 4 G. Greene, 65, which gives one of the reasons why an accomplice must be corroborated.

V.    Some of the rulings on the admission and rejection of evidence are complained of. By reference to the former opinion filed in this case, it will be seen that the deceased, Michael Smith, received a gunshot wound about a year before his death, which made him wholly blind, and that it was contended by the state that defendant had some connection therewith. At the last trial the same claim was made, and, from the evidence adduced, the jury may have found the defendant, Cora McCamley, and Ellen Sco-

ville were all concerned in various efforts made to put Michael Smith out of the way. One of the witnesses for the state was asked how the members of the family, Cora McCamley and Mrs. Scoville, treated him (Michael Smith) in her (defendant's) presence. The witness answered: "Cora seemed to treat him as rough as Mrs. Smith. I have heard Cora abuse him and swear at him. I never saw Mrs. Scoville mistreat him. She is the only one I saw do anything for him while I was there." In view of the other evidence tending to show concert of action on the part of defendant and her relatives, and bearing in mind the evidence as to the treatment of the deceased for some time prior to his death, it is manifest that this evidence was admissible.

Defendant was a witness in her own behalf, and she testified, among other things, that she had no connection with the shooting of her husband. On cross-examination she was asked if she had not a short time before the shooting attempted to rent rooms for herself and daughter, and had not stated during the negotiations that they would be occupied by herself and daughter alone. She denied having made any such statements. The state, in rebuttal, offered the testimony of those parties with whom defendant had her negotiations, in which they stated that she had made such representations. Appellant contends that this was a wholly irrelevant and collateral matter, and that the evidence ought to have been excluded. We do not think so. While the evidence so offered might not have been of much weight, it was properly admitted for the purpose of impeachment on a matter which was material, because it tended in some degree, at least, to show that defendant was expecting some mishap to her husband. Cora McCamley, who, as we have said, was a witness for the defendant, stated that she and the Scoville woman administered the poison; that her mother had nothing to do with it; and that she did not know of her mother's desire to be rid of deceased. She was subjected to a thorough cross-examination, and, as she was a self-confessed murderess, it was quite important that she be tried by all the tests known

to the skillful cross-examiner in order to determine the truth-
fulness of her story. She was asked by counsel for
the state regarding the shooting of her father. This
was objected to as not cross-examination. Now, while
it is true that she had given no testimony upon her direct
examination regarding this matter, yet we do not think that
the trial court abused its discretion in permitting this kind
of cross-examination. The case is a very peculiar one in many
of its aspects, and it is quite evident that this witness assumed
responsibility for the murder in order to shield her mother.
In answer to these questions, she denied having stated to one
McNutt and to a Mrs. Leach that her mother had some con-
nection with the shooting of deceased. We have already seen
that the shooting of Michael Smith and defendant's connec-
tion therewith were material inquiries, and the witness was
therefore subject to impeachment by showing that she had
made contradictory statements with reference thereto. The
evidence given by McNutt, in rebuttal, with reference to
admissions made by the McCamley woman, was properly
received.

Some other errors are assigned on the admission and
rejection of evidence. None of them are of sufficient import-
ance to demand separate consideration, and we answer them
with the simple statement that we find no error.

VI. The first opinion, reversing this case, was filed
October 5, 1897. The state gave notice of filing a petition
for rehearing, but no petition was ever filed. *Procedendo* was
returned to the district court December 10, 1897. On March
23, 1898, counsel filed a motion in the district court to have
defendant returned from the penitentiary to Polk county, for
a retrial. The motion was sustained, and on April 9, 1898,
defendant was returned for trial. Thereupon, and on the
thirteenth day of April, defendant asked an order for a medi-
cal examination to determine whether she could be
present during the trial. While this motion was pend-
ing, defendant filed another motion for discharge,
under section 4614 of the Code of 1873, which is as follows:

"If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed unless good cause to the contrary be shown." The terms of court in Polk county began September 6 and November 7, 1897, and January 3, March 7 and May 2, 1898. Defendant's motion to discharge was overruled, and of this complaint is made. The statute quoted was evidently designed to enforce the constitutional provision giving to defendants in criminal prosecutions the right to a speedy trial. It was was not intended as a sword for offense, but as a shield for defense to those who are accused of crime. Now, the trial court was justified in finding from the showing made in support of and in resistance to this motion that the delay in bringing the case on for trial was due to an agreement, or to requests made by her attorney from time to time for a continuance, and to representations made by him and others that his client was unable, on account of physical infirmity, to appear for trial. We say the court may have found this from the evidence, and it will be presumed it did so find, if that be necessary to sustain the ruling, for we must accept his conclusions upon this point if sustained by any evidence from which they could reasonably be found. In the case of *State v. Arthur*, 21 Iowa, 322, we held that if failure of trial in accordance with the provisions quoted was due to defendant's request or conduct, or if the cause is continued without objection on his part, and without demand for a trial, he is not entitled to a dismissal under the statute. There is no such showing as will justify us in reversing the order made by the trial court refusing the discharge.

VII. Lastly, it is insisted that the verdict is not supported by the evidence, and that the accomplice Ellen Scoville was not sufficiently corroborated. The case has been twice tried, each time resulting in a verdict and judgment of guilty as charged. That deceased died from arsenical poisoning seems too clear for serious dispute. If the witness Ellen

Scoville is to be believed, there is no doubt whatever that defendant is guilty of the offense charged. There was also other evidence strongly tending to connect defendant with the commission of the crime. The salient features of the case are stated in the first opinion, and we need not repeat them, as the evidence for the state was practically the same at each trial. Indeed, the case was, by agreement, tried largely upon the evidence adduced upon the former hearing. There is ample evidence to support the verdict, and we should not interfere. We have examined the whole record with care, and find no prejudicial errors. AFFIRMED.