DON L. HARRIS, Petitioner, v. DISTRICT COURT of Lee County, and JOHN M. RANKIN, Judge, Respondents.

No. 44525.

March 14, 1939.

Rehearing Denied June 23, 1939.

Edward L. O'Connor and Phil J. Roan, for petitioner.

Fred D. Everett, Attorney General, R. N. Johnson, Jr., and Jens Grothe, for respondents.

Richards, J.—The question presented is whether respondent court exceeded its proper jurisdiction or otherwise acted illegally in overruling a motion to dismiss an indictment and in denying a special appearance in the criminal case in which the indictment was found. Petitioner herein, a resident of Des Moines, was the indicted defendant, and filed the motion and made the special appearance. Urging the answer to the question should be in the affirmative, petitioner bases his argument on the following sections, Code 1935.

"14023. Failure to indict. When a person is held to answer for a public offense, if an indictment be not found against him at the next regular term of the court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown.

"14024. Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown.

"14025. Discharge on undertaking. If the defendant be

not indicted or tried as above provided, and sufficient reason therefor is shown, the court may order the prosecution continued from term to term, and discharge the defendant from custody on his own undertaking, or on the undertaking of bail for his appearance to answer the charge at the time to which the same is continued, but no continuance under this section shall be extended beyond the following three terms of the court.''

The proceedings to which the following references are made were had in the Lee district court at Fort Madison.

The indictment was returned at the September 1936 term charging petitioner with violation of the Iowa securities act, Code section 8581-cl et seq. An appearance bond filed by petitioner was approved and he was released from custody, all during the September 1936 term. At the November 1936 term, upon petitioner's application, trial was postponed and the cause was continued. The court also specially set the case to be tried on January 26, 1937, a day of the following January 1937 term. Ten days before this date the county attorney called by phone from Fort Madison the law office in Des Moines of Ray Harrison, the latter at the time being or purporting to be petitioner's attorney in the criminal action, to inform Harrison that the case was to be tried. The conversation was with Harrison's office secretary by whom the county attorney was informed that Harrison was ill in bed and would be unable to try the case on January 26. On account of this information the county attorney permitted the case to go over the date set for the trial. Later, during this same January term Des Moines attorneys other than Harrison filed on behalf of petitioner a demurrer to the indictment. At the April 1937 term the demurrer was set down for hearing and was submitted. Phil F. Roan, of Fort Madison, also entered his appearance as attorney for petitioner at this April term. At the September 1937 term an order overruling the demurrer was entered and the case was placed on the assignment as the second jury case to be tried. Before the case was reached for trial in its assigned order counsel for petitioner filed an amendment to the demurrer and a motion to quash the indictment. At the November 1937 term, the case not having been tried at the September term following the filing of the amendment to the demurrer and motion to quash, peti-

tioner filed a motion to dismiss the indictment. The State filed resistance. At the January 1938 term this motion to dismiss the indictment was overruled. At the April 1938 term a motion previously filed for severance was sustained, the amendment to the demurrer and motion to quash were overruled and the case as against petitioner was set down for trial during that term, i. e., on May 16. On that day and before the commencement of the trial petitioner filed a special appearance. The State filed resistance. The special appearance was denied and the case again was set for trial during the April term, i. e., on June 2, 1938. The petition for the writ of certiorari now before us was thereupon filed in this court, and the writ granted.

We have mentioned in their successive order all the terms of the respondent court, beginning with the September 1936 term, down to and including the April 1938 term, eight in number. Three full terms intervened between the November 1936 term at which the case was continued on defendant's motion and the November 1937 term during which petitioner filed the motion to dismiss the indictment. It is also apparent that five full terms intervened between the term at which petitioner procured a continuance and the term at which he filed the special appearance. In the motion to dismiss the indictment the intervening of the three terms, and in the special appearance the intervening of the five terms, were set out, and invoking the code sections above quoted it was the claim of petitioner that on account of these terms having so intervened without a trial the respondent court had lost jurisdiction over defendant and of the subject matter, making it mandatory that the motion and likewise the special appearance be sustained. The same claim is made here, but we are unable to agree that respondent court had lost jurisdiction over defendant or of the subject matter. Petitioner relies entirely on sections 14023 to 14025, inclusive. But these statutes fail to sustain the theory that jurisdiction had been lost. The reason is that cases that have been postponed upon the defendant's application, as was this case, are not subject to dismissal under the provisions of sections 14024 or 14025. Davison v. Garfield, 219 Iowa 1258, 257 N. W. 432, 260 N. W. 667. This view of these statutes was at least inferentially recognized in Davison v. Garfield, 221 Iowa 424, 265 N. W. 645.

A portion of petitioner's argument discusses an alleged

error of the respondent court in overruling the demurrer to the indictment. Neither the writ nor the petition for the writ encompassed a review of this alleged error, nor does petitioner cite authorities sustaining the proposition that he may have the same reviewed on certiorari. Petitioner suggests that avoidance of multiplicity of proceedings should be sufficient answer to respondent's objection that the ruling on the demurrer should not now be considered. In view of the limited function of this writ the suggestion is not adopted. The orders overruling the motion and the special appearance are affirmed and the writ is annulled.—Writ annulled.

MITCHELL, C. J., and OLIVER, HAMILTON, MILLER, HALE, SAGER, and BLISS, JJ., concur.