GEORGE PAUL, Petitioner, v. DISTRICT COURT OF JOHNSON COUNTY et al., Respondents.

No. 45838.

MARCH 17, 1942.

Kenneth M. Dunlop, for petitioner.

John M. Rankin, Attorney General, Jens Grothe, Assistant

Attorney General, and Edward F. Rate, County Attorney, for respondents.

OLIVER, J.—A county attorney's information, filed in the District Court of Johnson County, on May 2, 1940, charged petitioner with the crime of operating a motor vehicle while intoxicated. On May 14, 1940, he was arrested and furnished bail. He has since been at liberty. The February 1940 term of court had been informally closed on April 6, 1940, but was not formally adjourned until May 3, 1940, the day after the information was filed. Thereafter, the May term, which started May 6th, and the September and November terms, intervened without trial of the accused. Nor was he arraigned until March 6, 1941, during the February 1941 term, which followed the November 1940 term. On February 13, 1941, a day of the February term, petitioner moved to dismiss the information, alleging that by reason of said delay in trial the court was deprived of all jurisdiction under said information. This motion was overruled. Thereupon petitioner instituted this proceeding in certiorari to review said ruling. Respondent has filed no brief herein.

The following Code sections are here pertinent:

"14024 Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown."

"14025 Discharge on undertaking. If the defendant be not indicted or tried as above provided, and sufficient reason therefor is shown, the court may order the prosecution continued from term to term, and discharge the defendant from custody on his own undertaking, or on the undertaking of bail for his appearance to answer the charge at the time to which the same is continued, but no continuance under this section shall be extended beyond the following three terms of the court."

I. Petitioner relies upon the last clause of section 14025, which provides "no continuance * * * shall be extended beyond

the following three terms of the court.'' In this case the motion to dismiss was not made until the fourth term after the information was filed. Petitioner contends that the court had then lost jurisdiction; that the dismissal was then mandatory; and that the court, in refusing to so order, exceeded its proper jurisdiction and acted illegally. It will be noted, however, that the dismissal required by section 14024 is therein limited to an accusation against a defendant whose trial has not been postponed on his application. ·

In Davison v. Garfield, 219 Iowa 1258, 1260, 257 N. W. 432, 433, 260 N. W. 667, it was said that the two foregoing sections should be read together. They were interpreted to mean that if good cause is shown the court may continue the case, but not beyond three terms of court. In that case the court said:

"Clearly, cases which have been postponed on defendant's application * * * are not subject to dismissal under the provisions of section 14024. It seems equally clear that such cases are not subject to the provisions of section 14025 * * *.''

At the hearing on the motion to dismiss the information involved in the case at bar, there was a showing on behalf of the state that the criminal case against defendant was continued over the May 1940 term by an oral understanding and agreement between the county attorney and counsel for the defendant. Defendant submitted evidence to the contrary. The trial court found there was such oral agreement between the attorneys. The evidence was in conflict and we will accept the finding of the trial court upon this point. State v. Smith, 106 Iowa 701, 710, 77 N. W. 499, 502.

In State v. Smith, supra, the delay appears to have been due to an agreement or to requests for continuance by defendant's attorney and to representations that defendant, on account of physical infirmity, was unable to appear for trial. The trial court refused the discharge. Upon appeal, after conviction, the judgment was affirmed.

In Harris v. District Court, 226 Iowa 606, 284 N. W. 451, the county attorney permitted a criminal case in which an indictment had been returned at a previous term to go over the date set for trial in the January term, on account of the illness

of defendant's attorney. Later, during the January term, defendant filed a demurrer to the indictment. This was submitted at the April term, was overruled at the September term, and the case was assigned for trial. Thereupon defendant filed an amendment to the demurrer and a motion to quash the indictment, on account of which it appears the case was not tried at the September term. We held said case had been postponed upon defendant's application, and therefore was not subject to dismissal under the provisions of Code sections 14024 and 14025.

Thus it appears that under the provisions of sections 14024 and 14025 a delay in trial due to the action or agreement of the defendant or his counsel will be considered a postponement at his request rather than a continuance requiring a showing of good cause on the part of the state. Therefore, we conclude the agreement that the trial of the information against petitioner in the case at bar should not be had at the May 1940 term constituted a postponement and not a continuance within the purview of said sections. It follows that the May term should not be included in computing the number of terms over which the case was continued. Excluding that term leaves continuances over the September and November terms only, and renders inapplicable to this case the provision of section 14025 that no continuance shall be extended beyond the following three terms of the court.

II. The remaining question is whether good cause, within the meaning of section 14024, was shown for the continuances over the September and November terms. At the September term, presided over by Judge Gaffney, a considerable number of liquor injunction cases, equity cases, law cases, and juvenile cases were tried. The criminal case here in question was not reached for trial because the trial of two of the cases in the last law assignment required a considerable period of time and were not completed until November 15th, the day prior to the adjournment of the term. On November 16th, the court, after investigating the records in a number of criminal cases, including the case here in question, found that said cases should be continued until the next term of court, and so ordered.

Judge Evans, who presided at the November term of court, assigned 34 criminal cases for trial "as will be shown by the

written assignment on file in the Clerk's office." Twenty-six of said cases were disposed of. The trial of law cases was then commenced and the last was completed one week before the end of the term. During that week the county attorney was not in good health, it was necessary that the court dispose of a number of other matters, and there was no time for the trial of the criminal cases remaining on the assignment.

The recent case of Martens v. Gaffney, 230 Iowa 712, 714, 298 N. W. 801, 802, involved a criminal case, which, like the case against petitioner, was continued over the September and November 1940 terms of the district court of Johnson county. Although in the hearing on the motion to dismiss in the Martens case the record appears to have been more detailed than that presented to the court in this case, the factual situation relative to each appears to have been substantially the same. Consequently, that decision is here particularly applicable. In the Martens case, Justice Garfield, speaking for the court, said:

"This court has held repeatedly that the question of whether good cause, within the meaning of the above statute, has been shown rests very largely in the discretion of the trial court. We have recognized that the trial court has a wide discretion with which we will not interfere unless there has been an abuse thereof. [Citing cases.] * * * Did respondent abuse his discretion by finding that there was good cause for not dismissing the information?"

In both of said cases the accused had at all times in question been at liberty on bail and in neither case did he request or demand trial. As stated in the Martens case, the failure to demand trial does not of itself constitute good cause for continuance but is a proper matter to be considered in determining whether good cause for not dismissing an indictment appears. The record before us in the case at bar does not definitely show the assignment of the criminal case for trial, but the trial court, in its ruling upon the motion to dismiss, found that it was "again" assigned for trial during the February 1941 term.

In this case the trial court found that the congested condition of the criminal docket in said county, in view of the other heavy court work, became, during the years 1939 and 1940, de-

plorable. The record shows a congested condition of both the criminal and civil dockets. As was stated in the Martens case, supra, good cause for delay has been held to exist where occasioned by the court's being engaged in the trial of other cases, the congested condition of the criminal docket, accumulation of business rendering trial impossible, or want of time to try the case. Upon the whole record we conclude there appears no abuse of discretion in the overruling of the motion to dismiss the information.

Wherefore, the writ of certiorari is annulled.—Writ annulled.

BLISS, C. J., and GARFIELD, STIGER, MITCHELL, MILLER, HALE, and WENNERSTRUM, JJ., concur.