The State of Iowa v. Arthur.

Reversed.

THE STATE OF IOWA v. ARTHUR.

1. Criminal law: DISMISSAL FOR WANT OF PROSECUTION. In June, 1863, the defendant was indicted for having in his possession counterfeit money with intent to pass the same; at the October Term in the same year his recognizance was forfeited; the default was subsequently set aside, and in October, 1864, there was a trial and verdict; at the May Term, 1865, a new trial was granted because of a defect in the verdict; at the December Term, in the same year, he was called and defaulted; at the May Term, 1866, on his motion the default and forfeiture were set aside, whereupon he moved the court to dismiss the cause and discharge him from custody, on the ground that the cause had been continued from term to term without any showing therefor on the part of the State: *Held*, that the motion was properly overruled.

2. ——— DEFECTIVE VERDICT. When the verdict returned on the trial of a criminal cause fails to pronounce affirmatively or negatively on all facts necessary to enable the court to give judgment, the order of the court should be that the jury retire for further deliberation; when this order is not made it does not entitle a defendant to a discharge, but the court may set aside the defective verdict and order a new trial.

*Appeal from Fayette District Court.*

FRIDAY, OCTOBER 19.

IN June, 1863, defendant was indicted for the crime of "having in his possession ·at the same time five or more pieces of false and counterfeit money, &c.," as defined · by section 4261 of the Revision. At the October Term of that year he failed to appear, and his recognizance was declared forfeited. At what time or how this forfeiture was set aside does not appear; but in October, 1864, there was a trial, and the jury returned the following verdict: "We, the jury, find the defendant guilty of having had in his possession five half dollars, four of them counterfeit coin, one doubtful, and two quarter dollars, counterfeit coin, with intent to pass the same." A motion in arrest and for a new trial was then filed by defendant, and the cause stood continued. At the May Term, 1865, a new trial was granted, because of a defect in the verdict. At the December Term the defendant was called and defaulted. In June, 1866, on his motion, this default and forfeiture were set aside, and he then moved to dismiss the case and for his discharge, which latter motion was overruled, and he excepted. The grounds of this motion were: *First.* That the verdict was equivalent to a finding of not guilty. *Second.* That the cause had been continued from time to time without any showing therefor on the part of the State.

To reverse this order, and that holding the defendant for a second trial, he prosecutes this appeal.

*William McClintock* and *L. L. Ainsworth* for the appellant.

*F. E. Bissell*, Attorney-General, for the State.

WRIGHT, J.—In consonance with the provisions of the constitution, which secures to one charged with a public offense a speedy as well as a public trial, our statute declares that, if his trial is not postponed on his own application, it must be brought on at the next regular term after the indictment is found; and, if not, it must be dismissed, unless good cause to the contrary be shown. Rev., §5,008. Was good cause shown in this case? Of this we have no doubt.

1. CRIMINAL LAW: dismissal for want of prosecution.

He was tried at the first term after indictment found, save the one when he failed to appear, and his recognizance was forfeited. Thus far, therefore, he cannot complain. His motion in arrest, &c., was made and remained undisposed of until in May. At this term the State was under no necessary obligation to be ready, for the prisoner was then seeking to avoid a conviction, and it could not be known that the verdict would be set aside. Then, again, while defendant did not apply or ask for the continuance, he did not resist it; but it seems to have been granted without objection, to give time to prepare exceptions to the rulings. At the next term, he was again in default, and of course the State would not be in default in not preparing for trial until this was set aside. In June last it was set aside, his motion to be discharged was overruled, and one ground of that motion was that he had not had the speedy trial contemplated by the law. Under the facts, no claim could be more unfounded. Twice in default, tried once. Each term afterwards when present, seeking to avoid what he deemed an illegal verdict, or one which did not warrant a conviction, at no time resisting a continuance or demanding a trial, he is in no position to ask a discharge upon this ground. If thus entitled, forfeitures of recognizances would indeed be passports to the favor of courts, and defeat the whole object and purpose of the law.

II. That this verdict was fatally defective, in failing to find that the prisoner had this counterfeit coin, "*with a knowledge*," &c., is not denied. It partakes of the nature of a special verdict. This it certainly is, rather than a general verdict, as defined by the statute. Assuming it to be such, then, as it did not pronounce affirmatively or negatively on the facts necessary to enable the court to give judgment, the order should have been that they "retire for further deliberation." §§ 4834, 4838-9. This was not done, however, and now the question is, could the court set it aside, against defendant's objections, and put him on trial again for the same offense? In other words, was he entitled, as a matter of right, to a judgment of acquittal? Our opinion is that this is not one of those cases entitling the prisoner to be discharged.

*2. —— defective verdict.*

In the first place, he himself moved in arrest of judgment, and, under such circumstances, it is said that he is presumed to have waived any objection to being put a second time in jeopardy, and that he may ordinarily be tried anew. 1 Bishop. Cr. Law, § 673, and the many cases there cited in the note.

Without placing our decision upon this ground, however, we hold that it was competent for the court, against his objection, to set aside the verdict, and order a retrial. The case is not different, in the essential principles involved, from those settled and recognized in the *State of Iowa* v. *Redman*, 17 Iowa, 329, and *Same* v. *Turner*, 19 Id., 144. In the first, the verdict was such, by reason of its failure to state the value of the property stolen, that no judgment could be entered, and it was held that the District Court properly ordered the prisoner to be retried. In the second, the verdict was claimed to be defective, upon a ground not very dissimilar to that urged in this. And while the verdict was held good, the rules

announced are in accord with the action of the court below in this. And fully supporting this action is the case of *The State* v. *Duncan*, 2 McCord, 129, where there was a special verdict, defendant asked to be discharged, upon the ground that, by the finding, he was not guilty. The appellate court held it defective, that it did not warrant a judgment, either for or against him, and yet awarded a *venire de novo*.

Affirmed.