McIlvaine, J.
Section 5, chapter 7, title 2 of the penal code (74 Ohio L. 352) provides: “Upon any indictment,. *379 the jury may find the defendant not guilty of the offense-charged, but guilty of an attempt to commit the same,, when such an attempt is an offense.”
The crime of rape is thus defined (section 9, chapter 3, title 1, 74 Ohio L. 245): “ Whoever has carnal knowledge-of a female persou, forcibly and against her will, . . . is guilty of rape.”
Section 14 provides: “Whoever assaults another, with intent ... to commit rape . ... upon the person so assaulted, shall be imprisoned in the penitentiary,” etc.
This section 14 is the only provision of our law which makes an attempt to commit rape an offense. Unquestionably, an assault with intent to commit rape is an attempt to commit the offense; but it does not follow that every attempt to commit the offense 'is an assault with intent,, etc.
It is quite clear that in an “ attempt” to commit an offense an “ intent ” to commit it must b§ present; and it is. equally clear that the preseuce of intent alone is not sufficient. There must be some concomitant act or movement, toward the execution of the purpose.
Under our statute, an attempt to commit rape is not an offense, unless the intent to commit it is accompanied witli some act or movement toward its accomplishment which constitutes an “ assault.” The question, therefore, is: Are-the words “ attempt to commit rape,” in their ordinary meaning, the exact equivalent of the words “assault with intent to commit rape?” We think not, but that the former phrase may describe a state of facts which does not constitute an assault with intent to ravish.
If it were otherwise, the exact definition of “assault”' would be “ an attempt to commit a battery,” and an indictment charging the defendant with an attempt to ravish would be good under a statute making an assault with intent to rape a crime. No one, we conceive, would contend for either of these propositions; not because an assault does not amount to an attempt to commit a battery, but *380 ‘because au attempt to commit a battery may not amount to an assault.
The distinction maybe thus defined: An assault is an . act done toward the commission of a battery; it must precede the battery, but it does so immediately. The next movement would, at least to all appearance, complete the battery. While an act constituting an attempt to commit a felony may be more remote, as is said in Uhl v. Commonwealth, 6 Grat. 706. “ The overt act done in the attempt to ■ commit an offense need not be the last proximate act prior to the consummation of the felony intended to be perpetrated.”
I do not intimate that any act done in furtherance of a purpose to commit an offense, however remote, would be regarded as an attempt to commit the offense; yet I need not discuss the necessary relation between the act done and the crime intended, either as regards time, space, or adaptation, which must ^dst before the law would pronounce it •an “ attempt.” This would be not only difficult, but unimportant labor in this ease, where none of the facts appear. It is enough now to say, that the judgment below must be reversed, unless we can affirm that no act done or movement made toward the perpetration of a rape will .amount to an attempt to commit the crime, in the ordinary meaning of those words, unless the same act or movement would constitute an actual and technical “ assault with intent ” to commit the offense. This we can not affirm, as we have no doubt that, under many conceivable circum.stances, all the essential elements of an attempt may be present, and yet no assault, within the meaning of the statute, committed.

Judgment reversed.

By the Court.
Thereupon, this case came on for further consideration as to the order here to be made. Section 11, chapter 8, title 2, penal code (74 Ohio L. 360), provides that “ upon the hearing of petition in error, the court may affirm the judgment or reverse it, in whole or in part, *381 and order the accused to be discharged or grant a new' trial.” In our opinion, the verdict having failed to respond to the whole indictment in such manner as to authorize the court below either to sentence the accused or' to order his discharge, it was the duty of the court, on its • own motion, to set the verdict aside, and to order a new trial. The State v. Arthur, 21 Iowa, 322 ; The State v. Duncan, 2 McCord, 129 ; 1 Bishop Cr. Pro., § 1016.
It is therefore now ordered that the verdict be set aside,, and that a new trial on the indictment be granted. Beheimer v. The State, 20 Ohio St. 572.

Ordered accordingly.