THE STATE OF IOWA, Appellee, v. LOUIS ENKE, Appellant.

1. **Criminal Law**: SPEEDY TRIAL: CONTINUANCE. The continuance of a criminal cause without objection, under a general order of court, from one term to another to convene about sixty days hence, after a trial at the former term resulting in a disagreement of the jury, will not entitle the defendant, under section 4614 of the Code, to a dismissal of the cause at the commencement of the term to which the same was continued.

2. **Seduction**: CONFLICT OF EVIDENCE: VERDICT: APPEAL. The supreme court will not disturb the verdict of a jury upon the ground that it is not sustained by the evidence when the evidence is so conflicting as to be irreconcilable.

3. ———: CORROBORATION OF PROSECUTRIX. The provisions of section 4560 of the Code, requiring that the testimony of the prosecutrix in a criminal prosecution for seduction be corroborated by other evidence, are not complied with by the introduction of testimony by the prosecutrix to corroborating circumstances, or to admissions made by the defendant.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

WEDNESDAY, MAY 11, 1892.

INDICTMENT for seduction. There was a trial by jury, and a verdict of guilty, upon which the defendant was sentenced to imprisonment in the county jail for the period of six months, and to the payment of a fine of five hundred dollars. From this judgment the defendant appeals.—*Reversed.*

*A. H. Stutsman* and *D. N. Sprague,* for appellant.

*John Y. Stone,* Attorney General, *Geo. S. Tracy,* County Attorney, *C. L. Poor* and *La Monte Cowles,* for the state.

ROTHROCK, J.—I. The defendant was indicted on the twenty-third day of September, 1890. On the seventh day of October, 1890, and at the same term at which the indictment was found, the cause was continued to the next term upon the application of the defendant. At the November term, 1890, of said court, the defendant was duly put upon trial, and the cause was submitted to the jury, and the jury failed to agree upon a verdict, and was discharged. On the twentieth day of December, 1890, which was the last day of the November term, it was ordered that all criminal cases not disposed of should be continued until the next term, which commenced in January, 1891. At that term the defendant filed a motion to dismiss the prosecution, on the ground that the cause was continued at the November term without any application having been made therefor by the state or by the defendant. The motion was overruled.

This is the first ground of the complaint by the defendant. Section 10 of article 1, of the constitution provides that a person accused of a public offense shall have a speedy and public trial. In obedience to this constitutional provision, it is enacted, in section 4614 of the Code, that "if a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown." It is claimed that the general continuance made at the November term entitled the defendant to demand a dismissal of the prosecution at the January term, for the reason that no cause for a continuance was shown, and the defendant made no application for a continuance. We think that where the terms of court are so fixed as that there is a September term, a November term and a

1. CRIMINAL law: speedy trial: continuance.

January term, and a defendant indicted at the September term, and the case continued on his application, and he is put upon trial at the November term, and again at the January term, he should not complain that his case has been unreasonably delayed. The record does not show that he made any objection to the continuance of the case at the November term. We do not think that it was necessary that the record should show the reason why the criminal cases were continued on the last day of the term. It is fair to presume that they were continued because the time fixed for the term had closed. Where a party has been once put upon trial at a term, and the jury fails to agree, it would be a very unusual proceeding to again put him on trial at the same term, especially where the terms succeed each other as frequently as in Des Moines county. Another reason is that it is not usually practicable to try a case twice at the same term, on account of the difficulty in obtaining competent jurors for the second trial.

II. The defendant was indicted for the seduction of Nora Schwartz, an unmarried female aged about

2. SEDUCTION: conflict of evidence: verdict: appeal.

twenty-one years. The defendant is about the same age. Nora Schwartz was delivered of an illegitimate child in December, 1890. She testified on the trial that the defendant was the father of her child, and that she permitted the defendant to have sexual intercourse with her by reason of his false promises that he would marry her, and that by a long-continued courtship he acquired such an influence over her as to lead her astray, and to submit to his unlawful and lustful desires. It is claimed, with great confidence, that the evidence was insufficient to justify the verdict, and that it is the result of passion and prejudice. We will not set out the evidence. It is in hopeless and irreconcilable conflict, as touching many of the facts in the case, and a careful examination of it leads us to the conclusion

that we would not be authorized to reverse the judgment on this ground.

III. One question which the jury was required to determine was whether the testimony of the prosecuting witness was corroborated, as required by section 4560 of the Code. The court charged the jury upon this question as follows: "The statutes of Iowa provide that, in a prosecution for seducing and debauching a woman of previously chaste character, the defendant cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense. This means that the fact that the prosecutrix testifies that the defendant seduced and debauched her is not sufficient alone and of itself to justify conviction; but these facts must be proved by other witnesses, that tend themselves to prove that the defendant is the person who committed the offense. Neither is the proof of mere opportunity to have sexual intercourse sufficient corroboration to justify conviction. But, in this connection, I instruct you that such corroboration may consist of proof of frequent visiting, courtship and intimacy, or of engagement to marry, or proof of pregnancy of the prosecutrix, connected with the proof that the defendant recognized the prospective child as his own, or that, upon being informed by the prosecutrix that she was pregnant, he advised her to procure an abortion, or that he often visited her, remaining up late with her frequently, and that on these visits she remained up with him at night after the family had retired. If any such facts are proven, then you would be justified in finding that the testimony of prosecutrix is corroborated, and, in such case, it is not necessary for the state to prove the act of sexual intercourse by eye witnesses or by direct proof thereof." By this instruction the jury was authorized to find that the

3. ——: corroboration of prosecutrix.

prosecuting witness was sufficiently corroborated if, "being informed by the prosecutrix that she was pregnant, he advised her to procure an abortion." The rule of the instruction appears to us to be erroneous. No witness testified to any such state of facts except the prosecutrix. To allow a conviction upon her evidence as to the advice to procure an abortion would not be corroboration. It would be nothing more than permitting the state to corroborate the witness by her own evidence.

We do not think it is necessary to determine any other question in the case, as we do not discover that it would be of any aid on another trial. For the error above pointed out the judgment is REVERSED.