STATE OF IOWA, Appellee, v. CARRIE ROWLEY, Appellant.

**CRIMINAL LAW: Speedy Trial—Waiver.** An accused may not base
1  a claim of lack of a speedy trial on his own failure to insist on a
trial.

**WITNESSES: Privilege of Witness—Violation—Who May Question.**
2  A party on trial may not take advantage of the fact that a witness
was compelled to incriminate himself.

**EVIDENCE: Competency—Telephone Conversation.** Conversations
3, 5  over the telephone are, when material, competent when the talker
is properly identified. So held where the party was identified both
by voice and by other corroborating testimony.

**ABORTION: Necessity to Save Life.** Testimony by the prosecutrix
4  in a prosecution for attempted abortion that her health was good,
and that she did not go to the accused *(who was not a physician)* for
the purpose of having the accused save her life, presents a jury
question on the issue whether the operation was necessary to save
the life of prosecutrix.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

APRIL 1, 1924.

SUPPLEMENTAL OPINION JUNE 28, 1924.

REHEARING DENIED SEPTEMBER 26, 1924.

DEFENDANT was indicted for the crime of attempting to produce a miscarriage. Verdict of the jury finding her guilty, and judgment entered in conformity to law. Defendant appeals.—*Affirmed.*

*Theodore F. Mantz* and *David Fletcher*, for appellant.

*Ben Gibson*, Attorney-general, and *John Fletcher*, Assistant Attorney-general, for appellee.

DE GRAFF, J.—The chronology of the case is important in the disposition of the first proposition on this appeal. Did the trial court err in overruling the motion of defendant to dismiss the indictment? The motion was bottomed on the statute, in that more than three terms of court had elapsed between the filing of the indictment and the trial thereon. Did this constitute a denial of a speedy trial under the facts, within the meaning of constitutional and statutory provisions? The defendant was indicted January 13, 1922. She was arrested, and without arraignment, was admitted to bail January 14, 1922. Counsel for defendant receipted for copy of indictment and minutes of evidence January 23, 1922, and on February 17, 1923, defendant appeared for arraignment and plea. On September 18, 1922, after the cause had been assigned for trial for the September term of court, defendant filed a motion for continuance, which motion was sustained. This carried the cause to the November term. The cause was again assigned for trial at the March term, which was the third term of court following the continuance. During the March term, to wit, on April 17, 1923, the cause was called for trial, when defendant filed her motion to dismiss the indictment. This motion was overruled. There was no error in this respect.

1. CRIMINAL LAW: speedy trial: waiver.

Section 10 of Article 1 of the Constitution of Iowa provides that the accused shall have a right to a speedy and public trial by an impartial jury. To give the term "speedy trial" a more

definite meaning, Code Section 5536 was enacted. This section reads:

"If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown."

This provision is for the benefit of an accused person who claims its protection. It may be waived by him. True, more than two terms of court intervened between the return of the indictment and the trial date, but we must presume that the defendant would have been granted an earlier trial if she had so requested. In fact, upon the first assignment of this cause for trial, she interposed her motion for a continuance, which was sustained. Thereafter, the cause remained on the docket without being assigned for trial until the term at which it was tried. This was without protest on the part of the defendant. The statute in question is not intended "as a sword for offense, but as a shield for defense to those who are accused of crime." *State v. Smith,* 106 Iowa 701. The shield, however, must not be left hanging on the wall of the armory.

"By a speedy trial is meant one that can be had as soon after indictment as the prosecution can with reasonable diligence prepare for, regard being had to the terms of court; a trial conducted according to fixed rules, regulations, and proceedings of law, free from vexatious, capricious, and oppressive delays." 16 Corpus Juris, Section 794.

The resistance to defendant's motion for dismissal filed by the State established the fact that an indictment for a similar offense had been returned by the grand jury against the defendant, and that said cause was tried and a conviction had in June, 1921; that an appeal from the judgment in that case was then pending in the Supreme Court of Iowa; that, at all times' since the return of the instant indictment to the term of court in which this cause was assigned for trial, there were pending in the criminal division of the Polk County court between three hundred and six hundred criminal cases; that these cases included a number of indictments against persons held in jail

without bond; and that, by reason of the congested condition of the criminal docket, it was physically impossible to assign for trial and try the pending cases; that defendant's attorney had never demanded trial or asked for an assignment of the cause, but had remained silent "except when said defendant asked for a continuance over one term."

We must assume that the trial judge, in continuing criminal causes at the end of any term, must have had these facts and the condition of the docket in mind when the continuance under a general order was entered. Nor do we think it was necessary that the record should disclose the specific reason or reasons why criminal causes were continued upon the termination of any term of court. It is reasonable to presume that they were continued because the time fixed for the term had closed. *State v. Enke,* 85 Iowa 35. The trial judge must exercise a wide and wise discretion in such matters, and the administration of criminal law does not require the impossible to be done. See *State v. Arthur,* 21 Iowa 322.

It is further urged that the court erred in compelling the prosecuting witness, Wilma Kirby, to testify, over her objection that the testimony solicited tended to incriminate her. The testimony of this witness was clearly competent, and therefore admissible as against the defendant. If the privilege to the witness was denied wrongfully, the wrong was to the witness, and not to this defendant. Furthermore, this witness had testified before the grand jury that returned the instant indictment, and at that time disclosed what she knew. She was the prosecuting witness. This point is controlled by the ruling in *State v. Van Winkle,* 80 Iowa 15.

2. WITNESSES: privilege of witness: violation: who may question.

Further complaint is made of the refusal of the court to sustain objections and to strike the testimony of Mrs. Burkey, the police matron, as to a conversation to which she "listened in," on an extension line, between the defendant and the prosecuting witness. The record discloses that Mrs. Burkey secured the telephone number of the defendant through the telephone directory, and informed the prosecuting witness of this number. The latter

3. EVIDENCE: competency: telephone conversation.

then called the number, and upon receiving a response, informed the party calling that it was Wilma Kirby, and asked if the person talking was Mrs. Rowley, to which she received an affirmative reply. Mrs. Burkey was permitted to state the conversation to which she listened between the defendant and Mrs. Kirby. The only basis for objection is the identification of the voice of the person talking, on the theory that no proper foundation was laid. The rule of evidence covering telephone communications does not define any one method or way of making a conversation admissible. Under the facts disclosed, we hold that the conversation was properly received in evidence.

It is next contended by appellant that the State failed to establish beyond a reasonable doubt that the operation was not necessary to save the woman's life. The prosecuting witness herself testified that she did not go there for the purpose of having the defendant save her life; and that the condition of her health was good. This made a jury question. Clearly, these statements were competent. Declarations as to intent are generally received in evidence, and the witness stated why she visited the defendant's house. She would have as much knowledge with reference to her physical condition as any person, and to hold otherwise would make it incumbent upon the State to offer expert medical testimony, which, in the ordinary case, would never be forthcoming. The defendant was not a member of the medical profession, and had no right to practice medicine; and no presumption is indulged, under such circumstances, that the act was performed in good faith and for a legitimate purpose.

4. ABORTION: necessity to save life.

A careful reading of the record convinces us that the defendant had an impartial trial, and we discover no unfairness or prejudice in the administration of justice in this case. Wherefore, the judgment entered is—*Affirmed*.

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.

### SUPPLEMENTAL OPINION.

PER CURIAM.—On rehearing, it is seriously urged that the ruling of this court on the matter of the telephone conversation

with accused is in conflict with our holding in *Barber v. City*

5. EVIDENCE:
competency:
telephone con-
versation.

*Drug Store,* 173 Iowa 651. In view of the contention, we deem it advisable to outline further the evidence bearing on the proposition. It is shown that the prosecuting witness, Wilma Kirby, also testified with respect to this conversation, and stated that she had such a conversation when Mrs. Emma Burkey, the police matron, was on the line, but she did not remember "exactly what was said." Her testimony in this particular, which was admitted without objection, identified the defendant as the person in conversation with her when the police matron listened in; and by reason of this fact, the objections of appellant, to which reference is made in the opinion filed in this case, were properly overruled. The petition for rehearing is denied.