**STATE of Iowa, Appellee,**

v.

**Raymond Lee STEADHAM, Appellant.**

**No. 56841.**

Supreme Court of Iowa.

June 25, 1975.

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Terry Wright, Asst. Polk County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

Claiming trial court erred in denying his motion to dismiss for lack of speedy trial, defendant appeals from judgment entered on a jury verdict finding him guilty of arson. We affirm.

Defendant was charged with the crime of arson by a county attorney's information filed February 5, 1973. He filed a motion to dismiss the information for lack of speedy trial on August 28, 1973, asserting that more than 200 days had elapsed since the information was filed. The motion was denied two days later. Trial commenced on September 17, 1973 and ended in a mistrial when the jury failed to reach a unanimous verdict.

A second trial commenced on October 8, 1973. Defendant renewed his motion to dismiss for lack of speedy trial at the close of the State's case but trial court again denied the motion. The jury subsequently returned a verdict finding defendant guilty of arson and on October 9 judgment was entered on that verdict.

The sole issue facing us on this appeal is whether trial court erred in denying defendant's motion to dismiss for lack of speedy trial.

■ I. No demand for speedy trial was made in the instant case. In State v. Gorham, 206 N.W.2d 908 (Iowa 1973), we held an accused need no longer demand speedy trial in order to avail himself of the 60-day speedy trial requirement set out in § 795.2, The Code. We restricted application of that holding to "(1) the case at bar, (2) cases now pending on appeal where defendant has, in trial court, timely and properly challenged the demand-waiver rule, and (3) cases in which an indictment is returned or county attorney's information is filed after the filing of this opinion." (April 25, 1973). Gorham, supra at 913.

The charge against defendant was filed before we filed our opinion in Gorham and his case fails to fall within either of the two remaining categories to which application of that decision was limited. He therefore cannot rely on § 795.2, The Code. Defendant appears to recognize as much and concedes the 60-day time period governing the statutory right to speedy trial under § 795.2, The Code, was never triggered because he did not make a demand, but argues trial court improperly failed to apply constitutional speedy trial standards enunciated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, when passing on his motion to dismiss.

■ II. It is clear from the record that trial court denied defendant's motion to dismiss for lack of speedy trial solely on the basis of the demand-waiver rule. We have, in cases not subject to our holding in Gorham, applied both the demand-waiver rule to speedy trial claims under § 795.2, The Code, and the Barker v. Wingo standards to claims the constitutional right to speedy trial guaranteed by amendments 6 and 14 to the United States Constitution and Article I, § 10 of the Iowa Constitution had been denied. See Boyle v. Critelli, 230 N.W.2d 495 (Iowa 1975); State v. Taylor, 211 N.W.2d 264, 266 (Iowa 1973); and State v. Kimball, 203 N.W.2d 296 (Iowa 1972). Defendant correctly asserts trial court should have applied the Barker v. Wingo standards in the instant case before passing on his motion to dismiss for lack of speedy trial. We are not persuaded, however, that application of those standards necessitates a result different from that reached below.

■ III. In Barker v. Wingo, the Supreme Court re-examined the demand-waiver rule and found that the right to speedy trial could not be quantified into a fixed time period or waived merely by fail-

ure to make a demand. The court held that a balancing test should be applied to each case, with consideration given the following factors: 1) length of delay; 2) reason for delay; 3) the defendant's assertion of his right to speedy trial; 4) prejudice to him. We weigh defendant's constitutional claim he was denied speedy trial in the instant case against those factors, looking to "the totality of the circumstances—the attendant facts of the case—as shown in the record". State v. Niccum, 190 N.W.2d 815, 822 (Iowa 1971); State v. Winfrey, 221 N.W.2d 269, 272–273 (Iowa 1974).

The record reveals a delay of 224 days between the time defendant was charged and first tried and a delay of 245 days between the charge and second trial. Defendant was represented by counsel for more than three months prior to the first trial and was released on bond the day after he had been charged. He made no assertion of his right to speedy trial until the day trial commenced. The only reason given for the delay by the State was that several other criminal charges were pending against defendant.

The length of delay in the instant case was significant and the State's explanation therefor somewhat less than compelling. On the other hand, defendant did not assert his right to speedy trial before trial commenced. More significantly, defendant was not incarcerated while awaiting trial and there is no indication in the record his defense was impaired, he suffered anxiety and concern, or was otherwise prejudiced because of the delay. See Barker v. Wingo, *supra* at 532 of 407 U.S., at 2193 of 92 S.Ct.

Balancing the foregoing factors, we are satisfied defendant was not denied his constitutional right to speedy trial in the instant case. While the delay between the date he was charged and the date his case went to trial was significant, that factor is insufficient in itself to constitute a denial of speedy trial where defendant otherwise has failed to show he was prejudicially affected by the delay and made no pre-trial demand for speedy trial. Trial court accordingly did

not err in denying defendant's motion to dismiss for lack of speedy trial.

Affirmed.