STATE OF IOWA, Appellee, v. WILLIAM ELLINGTON, Appellant.

**INDICTMENT AND INFORMATION:** Dismissal—Right to Speedy
1  Trial—Waiver. An accused may not have an indictment dismissed
because he was not tried at the first regular term succeeding the
return of the indictment, when, at said succeeding term, the court
in open session offered to summon a jury *if any accused was insisting
on trial,* and defendant's counsel, who was present, made no request
for trial at said term.

**RAPE:** Included Offenses—Assault and Battery. An indictment which
2  charges that the accused assaulted prosecutrix "with a felonious in-
tent * * * to * * * ravish and carnally know and abuse * * * by
force," does not charge the offense of assault and battery. It
follows that said latter offense should not be submitted, even though
the evidence would support a finding of such offense.

**WITNESSES:** Impeachment—Effect of Impeachment. A jury should
3  not be told to reject the testimony of an impeached witness unless
it has been corroborated.

**INDICTMENT AND INFORMATION:** Issues, Proof, and Variance—
4  Time of Offense. The time of the commission of the offense of as-
sault with intent to rape need not be proved in exact accord with
the allegation of the indictment.

**CRIMINAL LAW:** Reasonable Doubt—Doubt As to Degree or Grade.
5  The principle that, if the jury has a reasonable doubt of the degree
or grade of offense proved, it can convict of the lower degree or

grade only, is not necessarily to be embraced in one paragraph of the charge, or even in a distinctive sentence. The very form of the instructions as a whole may amply express the thought to the jury.

RAPE: Assault With Intent to Commit—Evidence—Sufficiency. Evidence held sufficient to sustain a verdict of guilty of assault with intent to rape.

Headnote 1: 16 C. J. p. 445. Headnote 2: 33 Cyc. p. 1503. Headnote 3: 16 C. J. p. 1016; 40 Cyc. p. 2650. Headnote 4: 31 C. J. p. 841; 33 Cyc. p. 1453. Headnote 5: 16 C. J. pp. 1025, 1050. Headnote 6: 33 Cyc. p. 1493.

*Appeal from Mahaska District Court.*—CHARLES A. DEWEY, Judge.

· NOVEMBER 11, 1924.

OPINION ON REHEARING JUNE 25, 1925.

REHEARING DENIED OCTOBER 2, 1925.

INDICTMENT for assault-with intent to commit statutory rape. The defendant appeals from the judgment based upon a conviction.—*Affirmed.*

*Devitt & Eichhorn* and *McCoy & McCoy,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Maxwell A. O'Brien,* Assistant Attorney-general, for appellee.

FAVILLE, C. J.—I.  Appellant moved to dismiss the indictment on the ground that he was not brought to trial at the next regular term of the court after the indictment was found.

From an agreed statement of facts it appears that appellant was indicted at the February, 1922, term of the district court of Mahaska County. The next succeeding term was the April, 1922, term, at which time it appears that, on the convening of court, when the attorneys representing appellant were present, in open court, the presiding judge inquired of the county attorney if there was anyone in jail, and was informed by the

1. INDICTMENT AND INFORMATION: dismissal: right to speedy trial: waiver.

county attorney that there was not. He then inquired if defendants in criminal cases were at liberty on bonds, and was told that they were. He then inquired of the bar if there was any defendant insisting upon trial, and stated that, if there was, he would call a jury; otherwise, no jury would be called for that term of court. No one indicating that any criminal case was ready for trial, the court announced that he would not call a jury for the April, 1922, term, and no criminal cases were assigned for said term; and at the next succeeding term, in October, 1922, appellant's case was called for trial, at which time he submitted a motion to dismiss the case because it had not been brought up for trial at the next regular term succeeding the indictment.

We have recently had occasion to discuss a somewhat similar situation in the case of *State v. Rowley*, 198 Iowa 613, and what we therein said is pertinent to the instant case.

While it may be true that appellant was not required to insist upon a trial of the case at the April term, still, under the circumstances as disclosed here, the trial judge was endeavoring to ascertain the necessity of calling a jury for the trial of criminal cases; and the whole situation was known to counsel for appellant, who were in open court at the time. It cannot be said that under such circumstances counsel could remain silent, and permit the cause to go over the term, and no jury to be called, and that appellant could thereafter avail himself of the right to a dismissal of the case because it was not tried until the second term after the indictment. The court did not err in overruling the motion to dismiss on this ground.

II. The charging part of the indictment was as follows:

"Did in and upon one Dorothy Sutherland, a female child under the age of 15 years, to wit, 12 years of age, unlawfully, willfully, and feloniously make an assault, with a felonious intent then and there to willfully, unlawfully, and feloniously ravish and carnally know and abuse the said Dorothy Sutherland by force and against her will, the said William Ellington being then and there over the age of 25 years,—all contrary to law, and against the peace and dignity of the state of Iowa."

Appellant contends that it was error on the part of the court to fail to instruct the jury on the offense of assault and

battery, it being the contention of appellant that said offense is

**2. RAPE: included offenses: assault and battery.** included in the offense of assault with intent to commit rape, as charged in the indictment. There is evidence to support a conviction of assault and battery. The question at this point is whether or not the indictment in its terms is such as to charge the offense to have been committed with force, and therefore to make it incumbent upon the court to submit to the jury the included offense of assault and battery. Where the charge is assault with intent to rape, assault and battery need not be submitted unless the indictment charges force. The question arises as to whether the indictment in the case at bar charges force so that it was error on the part of the trial court not to submit the question of assault and battery to the jury.

In *State v. McAvoy,* 73 Iowa 557, we said:

"To justify a conviction of assault and battery, then, on an indictment charging assault with intent to commit rape, it must be averred in the indictment that the attempt was accompanied by some actual violence to the person of the woman."

In *State v. Ockij,* 165 Iowa 237, we said:

"Furthermore, in rape cases it depends upon the form of the indictment, as well as upon the evidence, whether the instructions should cover lower included offenses."

In *State v. Desmond,* 109 Iowa 72, the indictment charged the offense in the identical form of the indictment in the instant case. We therein said:

"The indictment in this case does not charge that the assault alleged was accompanied by any force. Hence the crime of assault and battery was not alleged, and the district court erred in charging the jury that it might find the defendant guilty of that offense."

In *State v. Miller,* 124 Iowa 429, the indictment was in the same form as in the *Desmond* case and in the case at bar, and we said:

"As will be noticed, the allegations here made distinctly charge an assault, but do not charge any actual physical violence or injury constituting a battery. Under an indictment in this form, this court has held that the accused cannot be convicted of assault and battery."

In *State v. Woodworth,* 168 Iowa 263, we said:

"The indictment in this case is similar to that in *State v. Desmond,* 109 Iowa 72; and it seems to be the rule in cases of this character that the crime of assault and battery is not necessarily included in an assault with intent to commit rape, and that, to justify a conviction of assault and battery on an indictment charging assault with intent to commit rape, it must be averred in the indictment that the attempt was accompanied by some actual violence to the person of the woman."

See, also, *State v. Johnson,* 133 Iowa 38.

The indictment in the instant case does not charge that the assault was with "force and violence," nor does it charge that any physical violence was used. The allegation that the *intent* of appellant was to ravish the prosecutrix "by force and against her will" is not an allegation that any force or violence was used. In *State v. Brooks,* 181 Iowa 874, *State v. Egbert,* 125 Iowa 443, and similar cases relied on by appellant, it appeared that the indictment charged that the act was done "by force;" not, as in the case at bar, that the *intent* was to accomplish the act by force. The cases are distinguishable from the case at bar. There is no charge in this indictment that appellant did anything more than make an assault with intent to accomplish the act by force. More than this is required to include a charge of assault and battery.

Appellant places great reliance upon *State v. Powers,* 181 Iowa 452. The indictment in that case does not appear in the opinion. The appellant calls our attention to the original abstract, which discloses that it is, in effect, identical in form with the indictment in the case at bar. No reference is made to *State v. Desmond* and other similar cases, in the opinion in the *Powers* case. We are now satisfied that the holding in the *Powers* case, to the effect that, under the indictment in said case, the included offense of assault and battery must be submitted, was erroneous; and the *Powers* case as to such pronouncement is overruled.

We are disposed to adhere to the rule laid down in the cases above cited; and, applying this rule to the indictment in the instant case, we hold that it was not sufficient to charge the included offense of assault and battery, and that the court did not err in failing to submit said offense to the jury.

Our attention is called to the recent case of *State v. Poston*, 199 Iowa 1073. The language of the indictment in said case does not appear in the opinion. In any event, the court instructed the jury that the crimes of assault and battery and assault were included in the indictment in the case. No question was raised on the appeal as to this instruction. The defendant in said case claimed error in the failure to instruct, under Code of 1897, Section 5377, that, *where there are* included offenses, the jury could only convict of the one of which they had no reasonable doubt. We sustained appellant's contention. No question was raised but that, under the indictment in that case, the offenses of assault and battery and assault were included. All parties assumed in this court that the included offenses were embraced within the indictment in that case; and, such being the situation, we held that the court should have properly instructed the jury on the question of a conviction only of the offense, if any, of which the jury had no reasonable doubt. The case is not inconsistent with our holding herein.

III. Appellant requested instructions on the question of an alleged failure on the part of the prosecutrix to make complaint. The rule as to a failure to make complaint in cases involving rape and assault with intent to commit rape is familiar. The difficulty with appellant's contention at this point is that there was evidence tending to show that the prosecutrix did make complaint. The court did not err in refusing the requested instructions on complaint.

IV. Appellant requested an instruction in regard to statements made by witnesses outside of court, contradictory to their evidence. Said requested instruction included this clause:

"This is one method authorized by law for such purpose, and you should determine the weight and credibility of any witness so attacked, in the light of such attack, and give the 3. WITNESSES: evidence of such witness such weight or no impeachment: weight as you may conclude, except in so far effect of im- peachment. as it may be corroborated by other credible evidence in the case, or by the facts and circumstances proven on the trial."

The court refused the instruction in this form, but gave one on the subject-matter, without including therein the thought

embodied in the exception in the last two clauses of the above quotation. The requested instruction was properly refused. *Green v. Cochran,* 43 Iowa 544; *State v. Larson,* 85 Iowa 659; *State v. Bartlett,* 127 Iowa 689.

V. Appellant asked an instruction to the effect that, unless the jury found that the act charged was committed on the date alleged in the indictment, they should re-

4. INDICTMENT AND INFORMATION: issues, proof, and variance: time of offense.

turn a verdict of not guilty. The court correctly refused to give this instruction, and gave a proper instruction on the question as to when they must find that the offense, if any, had been committed. Time was not an ingredient of the offense charged. There was no error at this point.

VI. Appellant contends that the court did not instruct the jury to the effect that, if they entertained a reasonable doubt of the degree of offense of which appellant was

5. CRIMINAL LAW: reasonable doubt: doubt as to degree or grade.

proved guilty, he could only be convicted of the lower degree. This is the rule of law. Section 5377, Code of 1897; *State v. Jay,* 57 Iowa 164; *State v. Heft,* 148 Iowa 617; *State v. Poston,* supra.

We think, however, that the court covered the provisions of the statute sufficiently in the instructions that were given. After instructing the jury fully on the question of what was necessary, to find appellant guilty beyond a reasonable doubt of the crime of assault with intent to commit rape, the court gave the jury the following instructions:

(XIII) "You are instructed that, under the laws of this state, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment. In this case the defendant may be found guilty of assault with intent to commit rape, simple assault, or not guilty, as the facts and the evidence may warrant.

(XIV) "If you find the defendant not guilty of the crime of assault with intent to commit rape, you will then determine whether the State has established beyond a reasonable doubt that the defendant is guilty of an assault, the definition of which has been given to you in these instructions.

"If you have acquitted the defendant of the crime of assault with intent to commit rape, but find it established by the evi-

dence beyond a reasonable doubt that he is guilty of assault, you should convict him thereof. If you find the defendant not guilty of the offense of assault with intent to commit rape, and find him not guilty of the offense of simple assault, then you will find him not guilty.''

We are of the opinion that these instructions sufficiently met the requirements of the statute; that the jury must have understood therefrom that, if they had a reasonable doubt of the degree of the offense proved, they could only convict of the lower degree.

VII. Complaint is made of an instruction given by the court upon the question of good character. Appellant requested an instruction on this subject, and the instruction as given by the court substantially complied with the requested instruction. The court might well have enlarged upon the instruction; but it was not erroneous as given, and the court did not err in failing to amplify it beyond the provisions of the requested instruction. The instruction as given was not incorrect.

VIII. Appellant urges that the evidence is insufficient to support the verdict, and that the trial court should have directed a verdict in appellant's behalf.

No useful purpose would be served by our reciting in detail the facts and circumstances surrounding the transaction in this case. The general narrative of the occurrence, as claimed by the State, shows that appellant was the janitor of a school building in the city of Oskaloosa. The prosecuting witness is a girl twelve years of age, and it is quite evident from the record that she is scarcely normal mentally. The evidence tends to show that appellant invited the prosecuting witness and her sister, a girl ten years of age, to come into the basement of the school building where he was employed, on a Saturday; that he made some proposition to the girls that he wished them to work for him in helping to do some cleaning in the school building. It appears from the evidence that both girls went into the basement of the school building where appellant was, and that at that time the assault which is the basis of the indictment was committed upon the prosecutrix. The evidence of the sister furnishes the corroboration necessary under the statute. It appears

6. RAPE: assault with intent to commit: evidence: sufficiency.

that appellant gave the girls twenty-five cents in money; and they had this when they returned to their home. Appellant offered evidence tending to prove an alibi, and also offered evidence of his previous good character, and as a witness in his own behalf, made a complete denial of the charge.

The case falls within the class that are for the determination of the jury as to the questions of fact. We cannot say that the evidence to sustain a conviction is so utterly wanting as to justify the trial court in directing a verdict in behalf of appellant, or to necessitate interference on our part by the granting of a new trial. We find no reversible error of law in any of the assignments urged by appellant. It therefore follows that the judgment of the district court must be—*Affirmed.*

EVANS, STEVENS, ARTHUR, DE GRAFF, VERMILION, and ALBERT, JJ., concur.