STATE OF IOWA, Appellee, v. ITALIO FERRO, Appellant.

No. 40042.

SEPTEMBER 22, 1930.

REHEARING DENIED JANUARY 21, 1931.

*Howell, Howell, & Howell,* for appellant.

*John Fletcher,* Attorney-general, and *Harry S. Greenleaf,* for appellee.

FAVILLE, J.—The defendant is a married woman, who was living with her husband and family. She was indicted as for maintaining a liquor nuisance in November, 1927. The indictment charged the date of the nuisance as January 1, 1925. The evidence introduced by the State was confined to a single event, occurring on October 7, 1927. On that date, search warrants were sued out against this defendant and the premises in which she lived, and were served by a constable (Seath) and a deputy sheriff (Douglas). In the service of the writs, the wives, respectively, of these officers accompanied them, for the purpose of searching the person of the defendant. The events of the search and the result thereof were testified to by Constable Seath as follows:

"I went up to the door and knocked. She came to the door and asked me what I wanted, and I told her I had a search warrant to search her premises, and she said to come right in. And Jimmy Douglas, he had a search warrant to search her. She went to the toilet, and we went after her. She had a pint bottle of liquor, and was shaking it in her hand. She reached in her bosom and pulled it out and put it in the hole of the toilet. One bottle was all I seen her have there. She set down on the hole of the toilet. We took a hold of her and pulled her out, and Mrs. Douglas reached down and got the pint bottle, and Jimmy Douglas got the 3-ounce bottle. Besides Jimmy Douglas, my wife was there, and Mrs. Douglas was there. There was nobody in the house besides the defendant."

The other three parties to the search testified substantially to the same effect. Both officers testified that the content of the bottles was "grappi," and this was said to be an Italian drink, of alcoholic character. The three-ounce bottle was full, and the pint bottle was partly filled.

Many errors are assigned and argued.

I. Appellant was indicted at the November term, 1927, of the district court. The case was passed to the January, 1928, term. On appellant's application, the case was continued from  the January term to the April term, and was then assigned for trial. Before it was reached, the jury was dismissed. It appears that the time of the court at the April term was largely consumed with the trial of other cases. It also

appears that appellant made no request for a trial of her case at said term, and no objection to the continuance that resulted from the adjournment of the term.

The situation is ruled adversely to appellant's contention by *State v. Rowley,* 198 Iowa 613, and *State v. Ellington,* 200 Iowa 636.

II. Appellant complains of the action of the court in overruling objections to the testimony of an officer as to the character of the contents of the bottles which were seized. There  was no error at this point, under the record in the case. *State v. Eggleston,* 201 Iowa 1. The identity of the seized bottles which were offered in evidence was also sufficiently established to permit their introduction as exhibits.

III. It is contended that the verdict of the jury is the result of passion and prejudice. We find nothing in the record to sustain appellant's contention at this point.

IV. It is contended that the court erred in permitting the jury to return a sealed verdict, and in informing the jury of a written agreement between the parties in regard thereto. It  appears that counsel for the respective parties entered into a written agreement that the verdict of the jury might be signed, sealed, and deposited with the bailiff, and the members of the jury separate, and later reassemble, when the verdict should be opened and read. After the jury had been deliberating for a considerable time, they appeared in open court, and the court read to the jury said written agreement.

No prejudice could have resulted to appellant by these proceedings. A solemn written agreement of this character, accepted in good faith by court and counsel, ought not to be repudiated, or reliance thereon made the basis of purported error. The fact that the jury were informed of the agreement could not have prejudiced appellant.

We find no reversible error here.

V. Appellant contends that the court erred in not granting the motion for a new trial because of the alleged misconduct of the prosecuting attorney in argument to the jury. The main

contention of the appellant at this point is that the prosecuting attorney, in argument, stated to the jury:

"But I say you have a concrete case of bootlegging or nuisance here, and it is your duty to maintain that with your verdict, and to tell the officers of this county and the people of this county that, when a bootlegger is caught red-handed with the goods, that we will see that they get the proper verdict in that case."

Appellant's contention is that the appellant was on trial for the crime of maintaining a nuisance, and not for bootlegging, which is a separate and distinct offense. The court clearly and definitely instructed the jury with regard to the crime with which appellant was charged: namely, that of maintaining a nuisance. The jury could not well have been misled by the argument of counsel as to the crime with which the appellant was charged. Counsel was not making any contention whatever that the appellant was guilty of any other or different crime than the one charged in the indictment. It is a matter of common knowledge that violators of the liquor laws are referred to in common parlance as "bootleggers." The unlawful sale of intoxicating liquor is commonly referred to as "bootlegging," without any fine distinctions as to whether the sale is in a building or from the person. One who breaks and enters a building unlawfully is commonly referred to as a "robber," although technically he is a burglar, and not a robber. The attorney was using the term "bootlegging" without any attempt to accuse the appellant of any other crime than the one charged in the indictment.

We find no reversible error at this point. *State v. Brewster*, 208 Iowa 122.

From a careful examination of the record, we fail to find any error argued by appellant that requires reversal on our part.

The judgment of the district court is, therefore, affirmed. —*Affirmed.*

MORLING, C. J., and STEVENS, ALBERT, KINDIG, and WAGNER, JJ., concur.