JOINER DAVISON et al., Petitioners, v. T. G. GARFIELD, Judge, District Court, Respondent.

No. 42756.

December 4, 1934.

Supplemental Opinion May 14, 1935.

Arthur Springer and S. W. Livingston, for petitioners.

D. N. Johnson and J. V. Gray, for respondent.

CLAUSSEN, J.—Ten indictments against petitioners were returned into court by the grand jury of Louisa county at the January, 1933, term of the Louisa district court. These cases were transferred to Des Moines county for trial. One of such cases was tried. A verdict of guilty returned in the case was set aside on July 17, 1933, and a new trial ordered.

It appears that upon the indictments being returned, the defendants named therein gave bond.

Terms of the district court of Des Moines county were opened on September 18, 1933, November 6, 1933, and January 8, 1934. All such terms were in due time adjourned sine die. At such terms juries were in attendance. An April, 1934, term was also held.

It is not necessary to note the progress of the case between the time of the return of the indictments and July 17, 1933, the date when a new trial was granted in the case which was tried, further than to state that at no time was application for postponement of trial made by either defendant.

At the April term, 1934, motions were made by the defendants named in the indictments, who are petitioners herein, that the indictments be dismissed because more than three terms of court had intervened since the indictments were returned, without disposition being made of the cases.

These motions were overruled by the court, and thereupon this proceeding was begun to secure a review of the orders overruling the motions to dismiss.

The question presented for determination involves the construction of the provisions found in sections 14024 and 14025 of the Code of 1931, which are as follows:

"14024. Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown.

"14025. Discharge on undertaking. If the defendant be not indicted or tried as above provided, and sufficient reason therefor is shown, the court may order the prosecution continued from term to term, and discharge the defendant from custody on his own undertaking, or on the undertaking of bail for his appearance to answer the charge at the time to which the same is continued, but no continuance under this section shall be extended beyond the following three terms of the court."

Reading the two sections together, it appears that if an indictment against a defendant has not been brought to trial before the end of the next regular term after the term at which it was found, or the trial has not been postponed upon application of the defendant, the court must dismiss the indictment unless good cause to the contrary is shown. If, however, such good cause is shown, the court may continue the case, but not beyond three terms of court. The effect of the sections is to segregate cases which have been postponed on defendant's application and those which have been brought to trial, from cases which have not been postponed on defendant's application and those which have not been brought to trial. Clearly, cases which have been postponed on defendant's application and those brought to trial are not subject to dismissal under the provisions of section 14024. It seems equally clear that such cases are not subject to the provisions of section 14025, for that section gives the court power to continue cases which have not been brought to trial and cases which have not been postponed on defendant's application, which are not subject to dismissal under section 14024 on account of good cause to the contrary being shown, if sufficient reason is shown for delay in trial.

Courts have inherent power to continue business which remains incomplete at the expiration of the term. It is usually said that such

incompleted business goes over to the next term as a matter of course. See 13 C. J., p. 129, section 13. It is provided by Code section 10793, that upon final adjournment of court all business not otherwise disposed of at the term shall stand continued. See State v. Enke, 85 Iowa 35, 51 N. W. 1146. Under such authorization and power, indictments, the trial of which has been postponed on defendant's application, and such as have been brought to trial and yet are not disposed of on account of mistrial or other cause, stand continued on final adjournment of the court.

The constitution gives to one accused of a crime the right to a speedy trial. Subject to such rights of continuance as the statute (Code section 13843) gives, such cases stand for trial upon demand of either the defendant or the state. It is generally recognized that this situation complies with the constitutional guaranty of the right to a speedy trial. State v. Rowley, 198 Iowa 613, 198 N. W. 37, 199 N. W. 369; City of Creston v. Nye, 74 Iowa 369, 37 N. W. 777; State v. Enke, supra; and see 16 C. J., p. 443, section 800, where authorities from many jurisdictions are collected. The statute does not give a defendant the right to have such case dismissed because it is not called up for trial by the state. Neither is dismissal required in such situation by the constitution. The right to speedy trial is not denied. Trial may be had upon demand by the defendant, unless statutory grounds for continuance exist.

It is to be noted that the postponement of trial referred to in section 14024 is one made *on application* of the defendant. In none of the cases involved in this proceeding was application made by either defendant for postponement of the trial. Only one of the cases was brought to trial. It is evident therefore that but one of the indictments was subject to continuance by the process just outlined.

So far as the indictments are concerned which were not brought on for trial, it is evident that they fall within the operation of Code section 14024. They could only be continued subsequent to the expiration of the next regular term after their return upon sufficient reason being shown therefor, but in no event beyond the following three terms of court. It is clear that the court did not have jurisdiction at the April, 1934 term, to try such cases for that was subsequent to the expiration of the "following three terms of court". In this situation, the motion to dismiss such indictments should have been sustained.

In the view that we take of the matter as it affects these ten indictments, it becomes unnecessary to notice the contentions of the parties in relation to the sufficiency of the showing made to warrant a refusal to dismiss. As to the case brought on for trial, no showing of any kind is necessary. As to the cases which have not been brought on for trial, no showing could be sufficient, for the reason that under the statute no power to try the cases was had by the court.

At the September, 1933, term of the Louisa district court another indictment was returned against the petitioners herein. Such indictment was transferred at that term to the Des Moines district court for trial. Subsequent to the return of the indictment and its transfer to Des Moines county, November, 1933, and January, 1934, terms of court were held and adjourned in the Des Moines district court prior to the April, 1934, term, at which a motion to dismiss, similar to the ones filed in the ten cases, was filed and overruled by the trial court. It will be observed that the motion to dismiss was made at the third term after the indictment was found. In the light of the views we have expressed, it is apparent that the defendants were not entitled to have the indictment dismissed as a matter of course, for the court still had power under the statute to retain the case on the docket. The question is whether, on the question of dismissing the indictment, "good cause to the contrary" has been shown, and sufficient reason for delay in trial has been established. The determination of the problem rests largely in the discretion of the trial court. Each case must stand on its own facts. We will not encumber the reports with a statement of the circumstances disclosed by the record. We have reached the conclusion that the trial court did not abuse its discretion in determining the question adversely to petitioners herein. See generally, State v. Ferro, 211 Iowa 910, 232 N. W. 127; State v. Rowley, 198 Iowa 613, 198 N. W. 37, 199 N. W. 369; State v. Smith, 106 Iowa 701, 77 N. W. 499; State v. Johnson, 136 Iowa 601, 111 N. W. 827.

In the case brought on for trial and in the case based on the indictment returned at the September, 1933, term of court, the writ is annulled. In so far as the other cases are concerned, the writ is sustained. The mandate will indicate that the orders overruling the motions to dismiss in cases numbered 3981 and 4003 in the Des Moines district court are affirmed by this court and that in cases numbered 3979, 3999, 4000, 4001, 3980, 3996, 3997, 3998,

and 4002 in said Des Moines district court, the orders overruling motions to dismiss shall be set aside by the said district court and orders entered sustaining such motions and dismissing such cases. —Writ annulled in part and sustained in part.

MITCHELL, C. J., and ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.

### SUPPLEMENTAL OPINION.

ALBERT, J.—A petition for rehearing having been filed and submitted in this case and the court having reconsidered the opinion heretofore filed, it is now the conclusion of the court that the distinction pointed out between case No. 3981, which, with the other nine cases, was under indictment found at the January, 1933, term of the Des Moines county district court, is not tenable, and that the mandate issued from this court thereunder should direct the Des Moines county district court to dismiss all ten of the cases appearing under indictments returned by the grand jury at the January, 1933, term of said court; thus leaving case No. 4003, which was under an indictment returned to the Des Moines county district court at the September, 1933, term for trial.

With this modification of the original opinion, the petition for rehearing is overruled.