JOINER DAVISON and ROY D. McCULLOUGH, Petitioners, v. T. G. GARFIELD, Judge, Respondent.

No. 43268.

MARCH 10, 1936.

REHEARING DENIED JUNE 19, 1936.

S. W. Livingston, and Arthur Springer, for petitioners.

W. O. Weaver, County Attorney, and J. V. Gray, for respondent.

RICHARDS, J.—This is an original action in certiorari. T. G. Garfield, as judge of the district court of Des Moines county, is respondent. The petitioners are defendants in indictments No. 4060 and No. 4061 found against them by the grand jury of Louisa County. Upon motion of the defendants, petitioners herein, change of place of trial to Des Moines county was ordered in both cases. Upon the writ there is presented to us the contention of petitioners that respondent court acted illegally in overruling a motion made by petitioners for dismissal of the two indictments and the two cases in which the indictments were pending.

One ground of the motion for dismissal was based on section 14024 of 1931 Code, which is as follows:

"14024. Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown."

Defendants' contention is that, because neither defendant was brought to trial at the next regular term after the indictments were found, their motion to dismiss should have been sustained. Neither defendant had made any application for postponement of trial. Consequently the determinative matter, to be considered on the submission of this motion to dismiss, was

the showing of "good cause to the contrary" offered by the state. The record shows that the September, 1934, term of the Louisa county district court began on September fourth. The two indictments involved were returned on September seventh. Defendants pleaded not guilty on September tenth. This September term was adjourned on October sixth. The next term of the Louisa district court began on October twenty-ninth. During that term, on November twelfth, upon defendants' motion, it was ordered that the place of trial be changed to Des Moines county. The district court of Des Moines county had opened its November, 1934, term on November seventh, and on November thirteenth the trial of jury cases began and continued until December thirteenth. Subsequent to the last-mentioned date equity cases were tried to the court and the term adjourned on December twenty-second. The next term of the Des Moines county district court began January 7, 1935, and adjourned on the following March ninth. During none of these terms of court in either county had the defendants been brought to trial. After the January, 1935, term, the next regular term of Des Moines district court began April eighth, and at this term the motion to dismiss was filed. It is the overruling of this motion by the district court that is before us.

In Davison v. Garfield, 219 Iowa 1258, 1262, 257 N. W. 432, 434, in considering Code section 14024, this court said:

"In the light of the views we have expressed, it is apparent that the defendants were not entitled to have the indictment dismissed as a matter of course, for the court still had power under the statute to retain the case on the docket. The question is whether, on the question of dismissing the indictment, 'good cause to the contrary' has been shown, and sufficient reason for delay in trial has been established. The determination of the problem rests largely in the discretion of the trial court. Each case must stand on its own facts."

In that case the conclusion was reached that the trial court did not abuse its discretion in overruling the motion to dismiss. But in the case at bar the facts were such that it was clearly the duty of the court to dismiss the indictments, and it appears to us that there was no room for exercising discretion to the contrary. The district court well expressed the situation, in ruling on the motion, when that court said: "I think there has been no

move by the defendants to delay the trial of these cases, and I might say further, 'that it is hard for the court to understand the apparent delay and procrastination in the prosecution of these cases." The January, 1935, term of the Des Moines district court extended over a period of two months. The county attorney requested the assignment of the two cases for trial during that term. In not granting the request, the trial judge stated as his reasons therefor that there was a large equity assignment awaiting disposal, and that there was considerable local business to be adjudicated, and that he felt there was no place at the January term for the trial of these cases. In view of the peremptory duty imposed on the trial court by Code section 14024, we are of the opinion, under the facts as shown in this record, that it was not within the discretion of the trial court to devote the January term to the equity assignment and other local business to the exclusion of the trial of these two indictments. The statute demanded that the cases be tried. It should also be noted that the January, 1935, term had been preceded by one other term of the Des Moines district court, the November, 1934, term, which continued until December twenty-second. It is not necessary to consider the excuses shown by respondent that neither of these indictments were tried at the November term, as we are content to rest our conclusion upon the situation and action taken thereon by the court at the following January term.

We cannot adopt respondent's contention that the motion to dismiss was properly overruled solely because defendants at no time demanded trial. The legislature did not see fit to impose any such duty on defendant when it enacted section 14024. While the fact that the defendant had not demanded trial has been mentioned in earlier opinions construing this section, in describing the situation that was before the trial court, it cannot be said that any of these opinions have injected into the statute a requirement or condition not therein contained. Nor do we find in any of the cases cited by respondent the unwarranted refusal to dismiss that is found in the case before us. In State v. Johnson, 136 Iowa 601, 605, 111 N. W. 827, 829, a controlling factor seems to have been that all parties seemingly believed, when the case was continued over the term, that defendant was standing on the ruling on his demurrer, and that there was "a sort of understanding that in five other like cases there

should be a reliance upon the demurrer,'' and that no one apprehended that a trial of defendant's case would be had until defendant entered a plea of not guilty and demanded trial after the discharge of the jury. It was held, in view of the entire record, that the court was not in error in overruling defendant's motion to set aside the order of continuance and in denying defendant a trial at that term.

In State v. Rowley, 198 Iowa 613, 198 N. W. 37, 199 N. W. 369, as excuse for failure to bring defendant to trial at a particular term of court, the state established, among other facts, that there were pending in the criminal division of the court between 300 and 600 criminal cases, including a number of indictments against persons held in jail without bond (defendant being at large on bond), and, that by reason of the congested condition of the criminal docket, it was physically impossible to try pending cases. In State v. Smith, 106 Iowa 701, 77 N. W. 499, it was held that the court did not err in overruling a motion to dismiss, based on the statute we are considering, because the trial court was justified in finding that the delay in bringing the case on for trial was due to an agreement, or to requests made by defendant's attorney from time to time for a continuance, and to representations made by defendant's attorney and others that defendant was unable, on account of physical infirmity, to appear for trial. In State v. Ellington, 200 Iowa 636, 638, 204 N. W. 307, 308, upon the convening of the April term, and in open court, the presiding judge inquired of the bar if there was any defendant insisting on trial, and stated that, if there was, he would call the jury; otherwise no jury would be called for that term. At the following term defendant moved to dismiss because the case had not been tried at the term at which took place the transactions just described. This court held that there was no error in overruling the motion to dismiss under the circumstances as disclosed, the trial judge having endeavored to ascertain the necessity for calling a jury for trial of criminal cases, and the whole situation was known to defendant's counsel, who were in open court at that time. Quoting from opinion:

''It cannot be said that under such circumstances counsel could remain silent, and permit the cause to go over the term, and no jury to be called, and that appellant could thereafter avail himself of the right to a dismissal of the case because it was not tried until the second term after the indictment.''

In State v. Ferro, 211 Iowa 910, 232 N. W. 127, defendant was indicted at the November term. At the following January term the trial was continued upon her application. At the following April term the case was assigned for trial, but before it was reached the jury was dismissed. The court overruled defendant's motion for dismissal apparently made in reliance on the section we are considering. On appeal by defendant we said that the situation was ruled adversely to defendant's contention by the Rowley case and the Ellington case, supra. Otherwise the opinion in the case does not set out specifically the particular facts in the record depended upon, but it will be noted that in this case as well as in the Rowley case, one of the supporting authorities, there had been a postponement of trial upon defendant's application.

For the reasons indicated, we hold that the motion to dismiss should have been sustained, and that there was no discretion in the trial court to rule otherwise. The order of the district court overruling the motion is annulled, and the district court directed to enter order sustaining same. Writ is sustained.—Writ sustained.

DONEGAN, C. J., and ALBERT, ANDERSON, KINTZINGER, PARSONS, HAMILTON, and STIGER, JJ., concur.