E. B. (LASH) FERGUSON, Petitioner, v. FRANK BECHLY, Judge, Respondent.

No. 44214.

FEBRUARY 15, 1938.

M. R. Hammer, Jr., and McCoy & McCoy, for petitioner.

Harold J. Fleck, County Attorney, E. O. Korf, and Devitt, Eichhorn & Devitt, for respondent.

ANDERSON, J.—The petitioner in this case, E. B. (Lash) Ferguson, was charged jointly with another in a county attorney's information, filed in the district court of Mahaska County, with the crime of larceny alleged to have been committed in June, 1935. The subject of the larceny being a bunch of cattle. Ferguson was tried separately for the offense charged, was found guilty and appealed to this court from a judgment committing him to the penitentiary. Upon appeal to this court the case was reversed because of the giving of two erroneous instructions and was remanded for retrial. See former opinion, State v. Ferguson, 222 Iowa 1148, 270 N. W. 874. Following the filing of the opinion in the former appeal a procedendo was sent from the office of the clerk of this court to the clerk of Mahaska County district court on the 25th day of January, 1937. The next term of the Mahaska County district court, after the filing of the procedendo, commenced on February 8, 1937. On February 17, 1937, after hearing on the question of whether or not the case should be assigned for trial, the trial court made an order assigning said case for trial on Monday, March 1, 1937, at 1:30 p. m. On Saturday, February 27, 1937, the defendant, Ferguson, filed a motion objecting to the jurisdiction of the Mahaska County district court to hear and determine the case on the ground that the cause was pending in the supreme court, and that a notice of intention to petition for rehearing had been filed by the defendant, Ferguson. On the same day the defendant, Ferguson, also filed a motion for a change of venue from Mahaska County. On March 1st, the day the cause was assigned for trial and the jury called to try it, the motion objecting to the jurisdiction of the court was overruled and the motion for change of venue was sustained and the cause ordered transferred to the district court of Jasper County for trial. The cause was assigned for trial at the next term of court in Jasper County as the first jury trial for the April, 1937, term, which commenced on the 5th day of April. The case was assigned for the second Monday of the term, April 12, 1937. On the 9th day of April, 1937, it being shown to the supreme court by the defendant that he, the defendant, had a petition for rehearing pending, this court recalled the pro-

cedendo that had theretofore been issued and filed in the office of the clerk of the district court of Mahaska County. Upon the filing of the order of this court recalling the first procedendo the case was removed from the list of cases assigned for trial, and the defendant's petition for rehearing having been overruled, later a second procedendo was issued by this court and filed in the district court of Jasper County, Iowa, on about the 12th day of May, 1937. The April, 1937, term of the district court of Jasper County was still open but the trial work had all been disposed of and the jury had been discharged on the 29th day of April. The court remained in session during the summer months only for the purpose of taking care of orders and probate matters which is the usual procedure in rural districts. The following term of court in Jasper County convened in September, 1937, and the case was placed upon the assignment for trial on the 20th day of September, 1937. On the day the case was reached for trial the defendant, Ferguson, filed a motion to dismiss the information on the ground that the defendant was not brought to trial in accordance with the provisions of section 14024 of the Code, and that he was not afforded the speedy trial guaranteed to him under the constitution. This motion was overruled by the court and from such ruling the defendant, Ferguson, prosecutes this action in certiorari.

Code, section 14024, upon which the petitioner in this proceeding relies is as follows:

"Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown."

The petitioner contends that under the facts in this case he was not brought to trial at the *next* regular term *after* the information was filed and by reason of the failure of the state to so bring the case to trial the information should now be dismissed.

■■■ We cannot follow the petitioner in his argument or logic. This man Ferguson was charged with the larceny of cattle. He was tried at once and convicted. That conviction

was reversed by this court because of error in instructions and the case was sent back to Mahaska County for retrial. It was assigned for trial at the next term of the district court in that county but for some reason best known to the petitioner a petition for rehearing was filed in this court by the petitioner which, while it was promptly overruled when it was finally submitted, served as a basis to prevent the retrial of the case in Mahaska County at the term of court next following the reversal in this court. The case was again assigned for trial in Mahaska County and on the day that it was reached for trial a motion for a change of venue to another county was filed and sustained and the case was transferred to Jasper County for trial. The second procedendo issued by this court was filed in the district court of Jasper County, as we have above stated, on the 12th day of May, 1937, at a time when that court was in session only for routine matters, the jury for the term having been excused and discharged some two weeks prior to the time the procedendo was filed. The case was later assigned for trial for the next succeeding term of that court which was September, 1937, and on the day it was reached for trial the petitioner's motion to dismiss the information was filed and overruled. We are unable to see how a more urgent or persistent course could have been pursued by the prosecuting authorities to finally get this case to trial than was followed in this case. Practically two years elapsed after the first trial resulting in a conviction before the appeal from such conviction was finally disposed of by this court, and all of the moves made by the defendant, Ferguson, seem to have been to delay the final trial of this case on its merits.

 We have had this particular section of the Code before us on several prior occasions and we have held that when a judgment against a defendant is reversed such reversal shall be deemed an order for a new trial, and that when a new trial has been granted a defendant he need not be tried at the same term of court. And we have also held that where the defendant has been tried and the jury disagree a retrial need not be had at the same term. State v. Bige, 198 Iowa 573, 198 N. W. 510; State v. Ellington, 200 Iowa 636, 204 N. W. 307; State v. Enke, 85 Iowa 35, 51 N. W. 1146; Davison v. Garfield, 219 Iowa 1258, 1262, 257 N. W. 432, 434, 260 N. W. 667, and Id., 221 Iowa 424, 426, 265 N. W. 645, 646.

■■■ We are unable to convince ourselves that this section of the statute above quoted has anything to do with when a defendant shall be entitled to trial after a reversal in the supreme court and after the procedendo has been forwarded to the trial court. It seems that a reading of the section itself indicates quite conclusively that it has nothing to do with and has no reference whatever to a situation such as we have in the record before us. The section provides that trial must be had at the *next* term *after* the indictment is found, or the charge filed as in the instant case. Nothing is said in the section or can possibly be read into it that a case must be tried at the *next* term or any term after the reversal by the supreme court.

In State v. Enke, supra, the defendant was tried in the November term and the jury disagreed, and it was held that a trial in the next following term, which was January, met the legal requirements of a speedy trial.

In State v. Ellington, supra, indictment was returned at the February term. The case was passed over the April term and was tried at the October term, and no question was raised as to a violation of the section of the statute under consideration. Both of the Davison-Garfield cases recognize that the right to a speedy trial does not include the right to a trial at the term at which the indictment is returned.

If we conceded, as petitioner contends, that section 14024 is applicable to the situation here presented, then we would hold that the "*next*" term was the "following" September term, that is, that the next term after the reversal in this court could not be the term then in session and must necessarily be the following or September term; and at the September term the case was assigned for the first jury trial for the term and trial was prevented by reason of the filing of the motion of the defendant to dismiss the information.

In the Garfield case, supra, we held:

"The question is whether, on the question of dismissing the indictment, 'good cause to the contrary' has been shown, and sufficient reason for delay in trial has been established. The determination of the problem rests largely in the discretion of the trial court. Each case must stand on its own facts."

"In that case, the conclusion was reached that the trial court did not abuse its discretion in overruling a motion to dis-

miss. But in the case at bar the facts were such that it was clearly the duty of the court to dismiss the indictments, and it appears to us that there was no room for exercising discretion to the contrary.''

The Garfield cases from which the above quotations are taken were determined by this court upon the peculiar facts appearing in the records; and prior cases of this court were referred to but in no instance were they overruled or modified. And in the case of State v. Rowley, 198 Iowa 613, 198 N. W. 37, 39, 199 N. W. 369, we held to the doctrine that the trial court exercised a wide discretion in matters of this kind and that the record need not actually disclose the reasons for the trial court continuing cases not tried during the term.

■■■ The record discloses that the criminal case has been assigned for trial at three successive terms of court since the reversal by this court; in Mahaska County at the February, 1937, term, and at the April and September terms in Jasper County. And in face of this record, and the too evident attempts of the defendant himself to delay speedy trial, we cannot bring ourselves to the point of deciding that because the state did not afford the defendant a speedy trial the charge against him should now be dismissed. As stated in the Rowley case, supra, ''The statute * * * is not intended 'as a sword for offense.' '' And we are inclined to the belief that it is being so used in the present instance. We cannot conclude that the legislature ever intended this statute to be used as a scheme whereby a defendant might avoid trial through successive terms through technicalities or maneuvering and then say to the court, ''I did not get a speedy trial to which I am entitled and you must therefore dismiss the indictment against me.''

We can see no merit in the contentions of the petitioner and the writ heretofore issued must be and is annulled.—Writ annulled.

STIGER, C. J., and MITCHELL, DONEGAN, KINTZINGER, RICHARDS, HAMILTON, and SAGER, JJ., concur.