E. K. Martens, Petitioner, v. James P. Gaffney, Judge, Respondent.

No. 45631.

JUNE 17, 1941.

REHEARING DENIED SEPTEMBER 19, 1941.

Swift & Swift, for petitioner.

E. A. Baldwin, County Attorney, for respondent.

GARFIELD, J.—On September 14, 1940, a county attorney's information was filed in the Johnson county district court charging petitioner with the crime of operating a motor vehicle while intoxicated committed on July 2, 1940. Petitioner was arrested but was released and remained at liberty on bail. The April, 1940, term had not been formally adjourned at the time the information was filed on September 14. The September term commenced on September 16 and adjourned on November 16. The November term commenced on November 18 and adjourned on January 25, 1941. The February, 1941, term commenced on February 3. Petitioner's motion to dismiss was filed on February 27, 1941, and was heard and overruled by respondent judge on March 4, during the February term.

The statutory provision upon which petitioner relies is section 14024, Code, 1939, reading as follows:

"Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown."

Petitioner also relies upon section 10, Article I, of the Iowa Constitution providing that an "accused shall have a right to a speedy and public trial." We have held that the term "speedy trial," as used in the constitution, is given a more definite meaning by the statute above quoted. State v. Rowley, 198 Iowa 613, 198 N. W. 37, 199 N. W. 369.

Petitioner argues that the burden to show "good cause" rests upon the state. We agree. This is the law generally under similar statutory provisions. 22 C. J. S. 721, section 470. This court has held repeatedly that the question of whether good cause, within the meaning of the above statute, has been shown rests very largely in the discretion of the trial court. We have recognized that the trial court has a wide discretion with which we will not interfere unless there has been an abuse thereof. Maher v. Brown, 225 Iowa 341, 280 N. W. 553; Ferguson v. Bechly, 224 Iowa 1049, 277 N. W. 755; Davison v. Garfield, 221 Iowa 424, 265 N. W. 645; Davison v. Garfield, 219 Iowa 1258, 257 N. W. 432, 260 N. W. 667; State v. Rowley, 198 Iowa 613, 198 N. W. 37, 199 N. W. 369. This is the law generally. 22 C. J. S. 725, section 472-b. Indeed, in the Rowley case, supra, it was held that it was not "necessary that the record should disclose the specific reason or reasons why criminal causes were continued upon the termination of any term of court." (See page 616 of 198 Iowa, page 39 of 198 N. W.) This language is repeated in one of our most recent pronouncements, Ferguson v. Bechly, supra. (See page 1054 of 224 Iowa, page 757 of 277 N. W.) Did respondent abuse his discretion by finding that there was good cause for not dismissing the information?

At the hearing on the motion to dismiss there was offered the affidavit of the petitioner in which he says he was prepared to go to trial at both the September and November terms; that he appeared by his attorney at the September term and requested an immediate trial; that accordingly the case was put in the assignment for trial on October 21 and again on October 28, but was not tried for reasons unknown. The affidavit also recited that petitioner's license to operate a motor vehicle had been suspended by the Commissioner of Public Safety on August 2, 1940. Both members of the firm of attorneys representing

petitioner stated that at no time did either of them have any conversation with Judge Evans, one of the two judges in the district, concerning the assignment or disposition of the case.

Judge Gaffney presided at the September term and on the first day of the term made an assignment of six liquor injunction cases in which the state appeared as plaintiff. During the term five of these cases were tried and determined. On September 27 an assignment of 28 jury cases was made. Petitioner's case was the last case on this assignment,—the tenth case assigned for October 21. On October 16 a second assignment of ten jury cases was made, to be tried commencing October 28. Petitioner's case was the ninth case on the assignment. Petitioner's case was not disposed of during the September term because it was not reached on either jury assignment. Trial of the first two cases on the second jury assignment occupied the time of the court from October 28 to November 15. The September term ended the following day. Apparently these two cases consumed considerably more ·time than had been anticipated. Judge Gaffney stated upon the hearing ''that at no time during said [September] term of court or since was there ever any request made upon the part of the defendant or his counsel, or anyone for him, claiming and urging a disposition of this cause.''

The record discloses that on the second day of the November term, commencing on November 18, Judge Evans who presided assigned for trial 34 criminal cases, 26 of which were disposed of by trial, dismissal, or pleas of guilty. Petitioner's case was the 22d of the 34 cases in the order assigned. We must assume that the order in which the cases were assigned was proper. No claim to the contrary is made. It is a fair inference from the record that petitioner's case was not disposed of because its place in the assignment was never reached. While only 21 cases were assigned ahead of petitioner's case and 26 cases in all were disposed of, we have a right to assume that there was no contested trial of any criminal case except such as preceded petitioner's case in the assigned order.

After the disposition of the 26 criminal cases, the trial of civil jury cases was commenced, the last of which was completed on January 17, 1941, approximately one week prior to

the end of the November term and also the commencement of the January, 1941, term` in Iowa county over which Judge Evans was required to preside. On the court order assigning these civil jury cases and at the end thereof there appeared a blanket assignment of criminal cases, which doubtless referred to the eight criminal cases (including petitioner's) out of the 34 previously assigned which had not been reached for trial. During the last week of the November term the county attorney was not in good health and there was other necessary business for the court to dispose of.

Respondent upon the above record found that there was good cause why petitioner's case should not be dismissed, because, among other things, trial was an impossibility due to the trial of other cases in the regular order in which they were assigned. We are disposed to hold that no abuse has been shown of the wide discretion lodged in respondent.

While it is true that the county attorney's information was filed on the last day of the April term, there was no possibility of trial until the September term, which commenced on the next secular day after the filing of the information. Petitioner's case was twice assigned for trial during the September term. Since his counsel had appeared for him, it is to be presumed that they knew the order in which petitioner's case was assigned in each instance. There is no claim that any objection was made to the order of assignment in either instance. Unless we are to hold that the trial court abused its discretion in the order in which the cases were assigned, petitioner is not entitled to a dismissal of the information because the trial of the cases preceding his on each assignment consumed the entire term. Having made the assignment, the court was justified in following it and petitioner cannot complain that his case was not tried ahead of others preceding him on the assignments made.

It likewise must be assumed that petitioner's counsel knew of and acquiesced in the place given his case in the assignment of criminal cases for the November term. As in the preceding term, the case was not reached because of the trial of other cases preceding it in the regular order in which assigned. We are not prepared to hold that where the time of the court is

taken up with the trial of other cases, both civil and criminal, which, without objection on the part of petitioner or his counsel were assigned for trial ahead of petitioner's case, good cause does not exist for the delay in trial. The mere fact that the case was not tried at either the September or November term did not entitle petitioner, as a matter of course, to have the information dismissed.

During all of the time in question petitioner was at liberty on bail. It affirmatively appears that no request for trial at the November term was made on his behalf. As to the September term, petitioner says in his affidavit that his counsel requested an immediate trial. Judge Gaffney, who presided during the term, however, states positively that no such request or demand was ever made. Several of our decisions recognize that in determining whether good cause for not dismissing an indictment appears, it is proper to consider whether the defendant has requested trial or in any other way indicated his desire for a speedy trial. See State v. Rowley, 198 Iowa 613, 198 N. W. 37, 199 N. W. 369; State v. Ellington, 200 Iowa 636, 204 N. W. 307; State v. Ferro, 211 Iowa 910, 232 N. W. 127. It is true that in the second Davison v. Garfield case (221 Iowa 424, 427, 265 N. W. 645) this court recognizes that the failure to demand trial does not of itself constitute good cause. Nevertheless the opinion recognizes that it is a proper matter to be considered.

Petitioner argues that the revocation of his driver's license by the Department of Public Safety entitles him to a dismissal of the information. We are unable to agree that such revocation is deserving of controlling consideration, if indeed it is material at all, on the question whether good cause for not dismissing the information has been shown.

The principal authority relied upon by petitioner is the second Davison case to which we have previously referred. However, that case is plainly distinguishable from the one now before us. In the cited case the criminal charges were not assigned for trial at all. The excuse given was "that there was a large equity assignment awaiting disposal, and that there was considerable local business to be adjudicated." The conclusion was (quoting from page 427 of 221 Iowa, page 646 of 265 N. W.) "that it was not within the discretion of the trial court to

devote the January term to the equity assignment and other local business to the exclusion of the trial of these two indictments.'' We think the record before us presents a much stronger showing of good cause than appeared in the cited case.

An extended annotation on the subject under consideration appears in 129 A. L. R. 572. See also the note in XI Iowa Law Review 81. The subject is quite fully dealt with in 22 C. J. S. 724 ff., section 472, from which we quote at page 725:

''Good cause for the delay has been held to exist where * * * occasioned by * * * the court being engaged in the trial of other cases, the congested condition of the criminal docket, accumulation of business rendering trial impossible, want of time to try the case * * *.''

Finding no abuse of discretion on the part of respondent judge, the writ of certiorari is annulled.—Writ annulled.

HALE, C. J., and MITCHELL, STIGER, BLISS, OLIVER, MILLER, and WENNERSTRUM, JJ., concur.