THE CITY OF CASPER,

*Plaintiff and Respondent,*

vs.

LEO C. WAGNER,

*Defendant and Appellant.*

(No. 2667; May 24th, 1955; 284 Pac. (2d) 409)

For the defendant and appellant, the cause was submitted upon the brief of Clarence G. Cypreansen and R. N. Ogden, both of Casper, Wyoming.

For the plaintiff and respondent, the cause was submitted upon the brief of Allen H. Stewart of Casper, Wyoming.

## OPINION

RINER, Chief Justice.

Leo C. Wagner, subsequently referred to herein as "defendant" or "appellant," was on March 13, 1952, convicted in the municipal court of the city of Casper, usually designated subsequently as "plaintiff" or "respondent," of a violation of Section 9-365 of Ordinance No. 1042-A, Revised Code of the said City of Casper, the violation charged being the driving of a motor vehicle upon the streets of said city while under the influence of intoxicating liquor.

The police justice before whom the case was brought found Wagner guilty and ordered him to pay a fine of one hundred dollars. The defendant gave oral notice of appeal which was followed by a written notice to the same effect, and a recognizance was given in the sum of one hundred and ten dollars as fixed by the

police justice. These papers together with the transcript of the entries on the police justice's docket were filed in the District Court of Natrona County on March 20, 1952. Under this recognizance, the defendant was set at liberty and at all times herein has been free and as far as the record shows has not complied with the order of the municipal police justice.

On March 13, 1954, the defendant filed in said district court a motion that an order be granted therein discharging the defendant "so far as relates to the offense herein charged, for the reason defendant has not been brought to trial before the end of the third term of this Court in which this cause is pending . . . " As a matter of fact, it appears that four terms of the district court had elapsed since the date of the trial in the municipal court. The motion of the defendant in this respect stated also that such delay was "without application of the defendant."

On April 10, 1954, the plaintiff through its city attorney filed in said district court its motion for the dismissal of said appeal upon the ground that the "defendant . . . has failed to diligently prosecute" this appeal thus taken.

On the date last mentioned, the district court sustained the plaintiff's motion and dismissed the defendant's appeal. The defendant then appealed the cause to this court, making complaint of the order of dismissal last mentioned.

The appeal procedure from a decision of a police justice in the first class cities of this State "shall be as prescribed for appeals from courts of justice of the peace in criminal cases." See Section 29-252, Wyoming Compiled Statutes, 1945. Article 2 of Chapter 15, W.C.S., 1945, supplies the authority for appeals to the district court from justice of the peace courts.

Section 15-207, W.C.S., 1945, provides the cause shall stand for trial anew in the district court with that court exercising full power over the case, the justice of the peace, his docket entries, and his return.

Section 15-208, W.C.S., 1945, directs that:

"No appeal from the judgment of a justice of the peace in a criminal case, shall be dismissed, except in the following cases:

First—Where the supposed offense set out in the information shall not be an offense under law;

Second—When there shall be no sufficient charge of an offense.

And when an appeal shall be dismissed, the defendant cannot be again tried for the same offense. (C. L. 1876, ch. 71, Part II, § 40; R. S. 1887, § 3660; R. S. 1899, § 5261; C. S. 1910; § 6123; C. S. 1920, § 7420; R. S. 1931, § 33-149.)"

The district court in the case at bar had before it for construction neither of these two cases.

The defendant relies upon the provisions of Section 10-1313, W.C.S., 1945. That section reads as follows: "If any person indicted for any offense, who has given bail for his appeerence, shall not be brought to trial before the end of the third term of the court in which the cause is pending, held after such indictment is found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happens on his application, or be occasioned by the want of time to try such cause at such third term. (C. L. 1876, ch. 14, § 151; R. S. 1887, § 3312; R. S. 1899, § 5383; C. S. 1910, § 6247; C. S. 1920, § 7544; R. S. 1931, § 33-914.)"

But this section of the statutes is not available to the defendant in this case. He had already been given a trial in the municipal court. It is not contended that the defendant's trial was not a speedy one, and it is to be noted that the defendant had been found guilty by the police justice. The defendant never at any time

after the cause was pending in the district court requested that court for a trial of the issues disposed of by the judgment of the police justice. He did nothing but wait for the time to elapse so that he could seek to invoke the quoted section above, Section 10-1313, W.C.S., 1945.

In Hottle vs. District Court in and for Clinton County, 233 Iowa 904, 11 N.W. 2d 30, 35, the court said in part:

"In the case of Pines v. District Court, supra," (233 Iowa 1284, 10 N.W. 2d 574) "we overruled the case of Davidson v. Garfield, 221 Iowa 424, 265 N.W. 645, and re-established our former rule, that is the clear weight of authority '* * * that a demand for trial, resistance to postponement, or some other effort to secure a speedy trial must be made by one charged with a crime, by indictment or information, to entitle him to a dismissal of the charge, under either the constitution or statutory provisions involved herein.' The authorities are divided upon whether the constitutional and statutory guarantees of speedy trial are waived by failing to demand trial when the defendant is serving a sentence for another offense. In Fulton v. State, 178 Ark. 841, 12 S.W. 2d 777, 778, the court stated:

'* * * as it is stipulated that appellants have not been brought into open court and put upon trial, or given an opportunity to demand a trial we hold that these men, who have had no opportunity to demand a trial, should not be regarded as having waived this valuable right.'

"In State v. McTague, 173 Minn. 153, 216 N.W. 787, 788, the court first stated: 'The suggestion that defendant could not be tried because he was in State Prison is without substance. The state that holds him in prison is the same state that prosecutes these indictments. His imprisonment could not be used by him as an excuse to avoid trial, much less the state.' But the Minnesota Supreme Court held in this case: 'The spirit of the law is that the accused must go on record in the attitude of demanding a trial or resisting delay. If he

does not do this, he must be held, in law, to have waived the privilege. Until he has so acted, the state is not called upon to establish the existence of the statutory "good cause." State v. Artz, 154 Minn. 290, 191 N.W. 605; State v. Dinger, 51 N.D. 98, 199 N.W. 196, and cases cited; 44 L.R.A., N.S., 871, note. Upon the record, defendant was not entitled to the relief sought.'

"The rule of the Minnesota Supreme Court is probably the majority rule. In 22 C.J.S., Criminal Law, § 469, p. 719, the general rule is: 'The accused must demand a trial or take other affirmative action to obtain a trial to be entitled to a discharge for delay. The demand must be made in the proper manner. A demand is waived by any conduct evidencing an intention not to insist on it.' By a note to this rule the author states: 'The text rule applies to persons serving sentence on other charges.'

"We hold that the rule adopted by us in Pines v. District Court, supra, that the accused must make a demand for trial, resistance to postponement or some other effort to secure a speedy trial, applies even though he is in the penitentiary serving a sentence for another crime. It is conceivable that a defendant might not desire a trial upon the new indictment while he is a prisoner. He might well reason that such a trial while he is a convict and under guard in the court room might be prejudicial to him."

The same court in Ferguson v. Bechly, 224 Iowa 1049, 277 N.W. 755, 757, 758, 283 N.W. 917, referring to a previous case in the same jurisdiction, State vs. Rowley, 198 Iowa 613, 198 N.W. 37, 199 N.W. 369, with reference to a somewhat similar statute as Section 10-1313, W.C.S., 1945, said that:

"As stated in the Rowley Case, supra, 'The statute * * * is not intended "as a sword for offense." ' And we are inclined to the belief that it is being so used in the present instance. We cannot conclude that the Legislature ever intended this statute to be used as a scheme whereby a defendant might avoid trial through successive terms, through technicalities or maneuvering, and then say to the court, 'I did not get

a speedy trial to which I am entitled and you must therefore dismiss the indictment against me.' "

Section 470 of 22 C.J.S. 720 states that:

"Accused waives his right to a discharge or to a dismissal of the prosecution by reason of the delay in bringing him to trial if he does not make a proper application therefor."

The Supreme Court of Appeals of Virginia in Butts vs. Commonwealth, 145 Va. 800, 133 S.E. 764, 766, discussing the term "speedy trial" said in part that:

"A 'speedy trial' does not entitle the accused to an immediate trial. The state is entitled to a reasonable opportunity to fairly prosecute its charge against the accused. All that can be asked is that the trial shall take place as soon as practicable after the indictment is found and the state has had a reasonable opportunity to prepare for the trial. Any time after this, a rising from negligence or laches on the part of the prosecution, without fault or participation on the part of the accused, and without his consent, is a violation of the constitutional provision. The provision, however, as we shall see, is not self-operative.' It may be claimed, or it may be waived."

A case dealing with an appeal from a justice court to the district court and from that court to the Supreme Court of Montana is that of State vs. Schnell, 107 Mont. 579, 88 P. 2d 19, 20, 21, 121 A.L.R. 1082. There, the defendant, Schnell, was tried in the justice court and found guilty. The charge, as in the case at bar, was "driving while under the influence of intoxicating liquor." He sought to be dismissed as regards that charge in the district court because he was not given a speedy trial. Concerning this contention of the defendant, the Supreme Court of Montana said:

"The first contention of appellant is that the court erred in denying his motion, filed in the district court, to dismiss the complaint because the action had not been

tried within six months after he appealed to the district court. This contention is based upon subdivision 2 of section 12223, Revised Codes, which provides: 'The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: * * * 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six months after the finding of the indictment, or filing of the information.'

"The crime was alleged to have been committed on December 23, 1935. On December 30th, 1935, defendant was tried in the justice court and found guilty. The appeal was taken on December 31. On January 13, 1937, defendant filed his motion to dismiss under section 12223, Revised Codes. The requirements of that section and of section 16 of Article 3 of our Constitution, giving to the accused the right of a speedy trial, were met by the trial in the justice court. On appeal to the district court the defendant does not have the benefit of section 12223. On appeal the trial is de novo (sec. 12339). It is to all intents and purposes a second or new trial. "Where the accused has been tried promptly and convicted, and on his own motion the conviction is set aside and a new trial ordered, he will not be entitled to a discharge under the statute because of the delay of the prosecution in trying him the second time, * * * it being held that the constitutional or statutory requirements are satisfied by a speedy first trial.' 16 C.J. 445. Cases supporting this view, under statutes practically identical with our section 12223, are the following: State v. Miller, 72 Wash. 154, 129 P. 1100; People v. Lundin, 120 Cal. 308, 52 P. 807; Ex parte Alpine, 203 Cal. 731, 265 P. 947, 58 A.L.R. 1500; and Ferguson v. Bechly, 224 Iowa 1049, 277 N.W. 755.

"If defendant desired a more speedy trial in the district court on appeal from the justice court, it was incumbent upon him to apply for it. State v. Jones, 80 Wash. 335, 141 P. 700; State v. Parmeter, 49 Wash. 435, 95 P. 1012; Davison v. Garfield, 219 Iowa 1258, 257 N.W. 432, 260 N.W. 667.

"Section 12223 applies only to crimes prosecuted by indictment or information. Criminal offenses in a justice court are prosecuted by complaint; whereas all

criminal actions in the district court, except those on appeal, are prosecuted by information or indictment. Sec. 8, Art. 3, Montana Constitution; secs. 11621, 11622, Rev. Codes. Criminal actions appealed to the district court from a justice court are prosecuted by complaint, and, hence, section 12223 has no application to the trial of a criminal case appealed from a justice court.

"The constitutional provision for a speedy trial is self-executing (People v. Molinari, 23 Cal. App. 2d, Supp. 761, 67 P. 2d 767), and doubtless protects a defendant who appeals to a district court from a justice court, but before a defendant can avail himself of the constitutional guaranty he must himself make a proper demand for a more speedy trial, and cannot rest upon section 12223, which has no application to such a case." (Italics supplied.)

In view of what has been said above and the authorities cited, we conclude that Section 10-1313, W.C.S., 1945, cannot be invoked by the defendant here. As stated above, he has already had one speedy trial and was convicted thereat.

It should also not be overlooked what was said in our case of State vs. Anderson, 71 Wyo. 127, 255 P. 2d 220, decided March 31, 1953, and hereinbefore reviewed in our case, City of Casper vs. Benaris, decided at this term.

We have heretofore indicated that from the time of conviction of the defendant in the municipal court until the dismissal of the appeal by the district court four terms of the district court had elapsed. Section 10-1313, W.C.S., 1945, set forth above, provides, as we have seen, that if a defendant is not tried within three terms of the court in which the action is pending defendant is entitled to be discharged. We are inclined to agree with counsel for the City of Casper that it would appear to be logical and just that when the situation is reversed and the defendant does not diligently pros-

124

ecute his appeal during the lapse of the three terms the plaintiff city is entitled to have the appeal dismissed for want of diligent prosecution.

The decision of the district court in the Wagner case now before us should, we think, be affirmed.

*Affirmed.*

BLUME, J., and HARNSBERGER, J., concur.